## NEW YORK COMMON PLEAS.

### EGBERT agt. WATSON.

Where the officer, in his *return* to an attachment issued from a justice's court, stated that " because the defendant could not be found in the city and county of New York, I left a copy of the within attachment and of said inventory, duly certified by me, at the *last place of residence of the said defendant,*"

*Held,* defective. The place of residence should have been stated *specifically,* or, at least, whether it was within the county of New York.

*General Term, August,* 1861.
*Before* DALY, BRADY *and* HILTON, *Judges.*
APPEAL from a justice's judgment.

By the court, BRADY, J. When an attachment issues from a justice's court it is the duty of the constable to attach the goods of the defendant, make an inventory of the property seized, and serve a copy of the attachment and inventory on the defendant, personally, if he can be found in the county.

If he cannot be found in the county the copy must be left at his last place of residence; or if he have no place of residence in the county, with the person in whose possession the goods are found, and the return of the officer must state specifically whether such copy was or was not personally served upon the defendant. (*McDoel* agt. *Cook*, 2 *Coms.*, 110.)

The officer, in his return to the attachment in this case, states that " because the defendant could not be found in the city and county of New York, I left a copy of the within attachment and of said inventory, duly certified by me, at the last place of residence of the said defendant." Where was his last place of residence? If it was not in the city of New York, then the copies should have been left with the person in whose possession the goods were found. The return is clearly defective. The officer should have stated the place of residence specifically, but if not specifically, at least, that it was within the county of New York. The service having been improperly made, the justice acquired no jurisdiction, and the judgment is invalid. (*Watts* agt. *Willett*, 2 *Hilton*, 212; *Rosenfield* agt. *Howard*, 15 *Barb.*, 547.)

The return is also defective, in not stating specifically whether such copy was or was not personally served upon the defendant as required by the statute. It follows, inferentially, that if a defendant cannot be found a personal service has not been made, but stating a fact inferentially, and stating it specifically, are very different modes of doing that duty. The legislature have required the latter, and, in my view of the statute, intended that it should form a part of the return. However this may be, the judgment, for the reasons assigned, must be reversed.