## UMLA v. BENNETT.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

1. ATTACHMENT BEFORE JUSTICE—FAILURE TO SERVE INVENTORY.
    A failure to serve copies of an inventory, as well as the summons and warrant of attachment, as prescribed by Code Civ. Proc. § 2910, is fatal to the validity of a judgment in an action in a justice's court, where the defendant has not appeared, and the summons has not been personally served upon him.

2. SAME—PROPERTY SUBJECT.
    An attachment in a justice's court does not extend to a chose in action, as, for example, a debt owed by a sheriff to the defendant, growing out of a collection by the sheriff, under an execution in another suit, of the amount of a judgment therein in the defendant's favor. Code Civ. Proc. § 2909.

Appeal from Kings county court.

Action by Charles Umla against John B. Bennett. From a judgment of the county court affirming a judgment of a justice in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. J. Bennett, for appellant.

WILLARD BARTLETT, J. The justice of the peace, if he acquired any jurisdiction to render judgment against the defendant, obtained it by means of the levy of an attachment which he issued upon affidavits alleging that the defendant was about to dispose of his property with intent to defraud his creditors, and had departed from Kings county with such intent, or with intent to avoid service of process, and was a nonresident of the county of Kings, then residing in New York City. The attachment proceedings are attacked, in behalf of the defendant, on this appeal, as having been insufficient to confer jurisdiction upon the justice's court, because the return of the officer who undertook to levy the warrant fails to show, and there is no other evidence in the record showing, that the requirements of section 2910 of the Code of Civil Procedure were complied with. That section commands the officer to serve the summons, together with the warrant of attachment and inventory, upon the defendant, if he can be found within the county; "or, if he cannot be so found, by leaving a copy of each, certified by the constable, at the last place of residence of the defendant in the county, with a person of suitable age and discretion; or, if such person cannot be found there, by posting it on the outer door, and also depositing another copy in the nearest post-office, inclosed in a sealed post-paid wrapper, directed to the defendant at his residence; or, if the defendant has no place of residence in the county, by delivering it to the person in whose possession the property attached is found." The requirement to serve a copy of the inventory was not observed by the marshal to whom the warrant in the present case was delivered. Indeed, the record does not show that the officer even made any inventory whatever, the blank provided among the attachment papers for that purpose being left unfilled; and it

is settled by authority that a failure to serve copies of the papers prescribed by the statute is fatal to the validity of a judgment in an action in a justice's court, where the defendant has not appeared, and the summons has not been personally served upon him. Egbert v. Watson (Com. Pl. Gen. Term, 1861) 21 How. Prac. 429.

Furthermore, it would seem that the attachment was wholly ineffective, aside from any defect in the service. There was no attempt to attach anything but a chose in action; i. e. a debt from the sheriff to the defendant, growing out of the fact that the sheriff had collected on execution in another suit the amount of a judgment in that suit in the present defendant's favor. But an attachment in a justice's court does not extend to such property as this. Under a warrant issued by a justice of the peace, the officer may attach only goods and chattels, including money and bank notes. Code Civ. Proc. § 2909. Such is all the power specially conferred by the statute in this respect, and the Code itself expressly limits the jurisdiction of a justice of the peace in civil actions and special proceedings to that which is specially conferred upon him by statute. The provisions of section 2909 of the Code are substantially the same as those of the Revised Statutes (2 Rev. St. p. 231, § 31); and, commenting upon these in his well-known work on the Powers and Duties of Sheriffs, Coroners, and Constables, Mr. Crocker says:

"Property exempt from levy and sale on execution cannot be attached unless the claim is for the purchase price of such goods as in the case of executions; nor can choses in action be attached as they may be in case of attachments issued to the sheriff from courts of record." Crock. Sher. (3d Ed.) p. 214.

This statement of the law accords with the plain language of the statute, and is in harmony with the views of the principal text writers in this state on the practice in justices' courts. It affords as formidable an obstacle to the maintenance of the judgment before us as any of the points presented in behalf of the appellant.

Judgment reversed, with costs. All concur.