CHARLES UMLA, Respondent, *v.* JOHN D. BENNETT, Appellant.

*Attachment issued by a justice of the peace — a failure to serve the inventory is fatal — such attachment cannot be levied on a chose in action.*

Where a marshal, to whom a warrant of attachment issued by a justice of the peace has been delivered for execution, fails to serve a copy of the inventory as required by section 2910 of the Code of Civil Procedure, and the record does not show that the officer ever made any inventory whatever, such omission is fatal to the validity of a judgment entered in the action, where the defendant has not appeared and the summons has not been personally served upon him.

Under an attachment issued out of a Justice's Court, a chose in action, such as a debt due from the sheriff to the defendant therein growing out of the fact that the sheriff, on execution in another suit, had collected the amount of a judgment in that suit in favor of the defendant in the action in the Justice's Court, is not subject to levy, not being included in the definition of the things subject to levy contained in section 2909 of the Code of Civil Procedure.

APPEAL by the defendant, John D. Bennett, from an order of the County Court of Kings county, entered in the office of the clerk of the county of Kings on the 23d day of February, 1898, affirming a judgment of a justice of the peace of the former city of Brooklyn, in favor of the plaintiff.

*J. J. Bennett*, for the appellant.

No appearance for the respondent.

WILLARD BARTLETT, J.:

The justice of the peace, if he acquired any jurisdiction to render judgment against the defendant, obtained it by means of the levy of an attachment, which he issued upon affidavits alleging that the defendant was about to dispose of his property, with intent to defraud his creditors, and had departed from Kings county with such intent, or with intent to avoid service of process, and was a non-resident of the county of Kings, then residing in New York city.

The attachment proceedings are attacked in behalf of the defendant on this appeal as having been insufficient to confer jurisdiction upon the Justice's Court, because the return of the officer who

undertook to levy the warrant fails to show, and there is no other evidence in the record showing, that the requirements of section 2910 of the Code of Civil Procedure were complied with. That section commands the officer to serve the summons, together with the warrant of attachment and inventory, upon the defendant, if he can be found within the county, " or, if he cannot be so found, by leaving a copy of each, certified by the constable, at the last place of residence of the defendant in the county, with a person of suitable age and discretion ; or, if such a person cannot be found there, by posting it on the outer door, and also depositing another copy in the nearest post office, inclosed in a sealed postpaid wrapper, directed to the defendant at his residence ; or, if the defendant has no place of residence in the county, by delivering it to the person in whose possession the property attached is found."

The requirement to serve a copy of the inventory was not observed by the marshal, to whom the warrant in the present case was delivered. Indeed, the record does not show that the officer even made any inventory whatever, the blank provided among the attachment papers for that purpose being left unfilled, and it is settled by authority that a failure to serve copies of the papers prescribed by the statute is fatal to the validity of a judgment in an action in a Justice's Court where the defendant has not appeared, and the summons has not been personally served upon him. (*Egbert* v. *Watson,* 21 How. Pr. 429 ; Gen. Term, N. Y. Common Pleas, 1861.)

Furthermore, it would seem that the attachment was wholly ineffective, aside from any defect in the service. There was no attempt to attach anything but a chose in action ; *i. e.,* a debt from the sheriff to the defendant, growing out of the fact that the sheriff had collected, on execution in another suit, the amount of a judgment in that suit in the present defendant's favor. But an attachment in a Justice's Court does not extend to such property as this. Under a warrant issued by a justice of the peace, the officer may attach only goods and chattels, including money and bank notes. (Code Civ. Proc. § 2909.) Such is all the power specially conferred by the statute in this respect, and the Code itself expressly limits the jurisdiction of a justice of the peace in civil actions and special proceedings to that which is specially conferred upon him by statute. The provisions of section 2909 of the Code are substantially the

same as those of the Revised Statutes (2 R. S. 231, § 31), and commenting on these, in his well-known work on the Powers and Duties of Sheriffs, Coroners and Constables, Mr. Crocker says: " Property exempt from levy and sale on execution cannot be attached unless the claim is for the purchase price of such goods as in the case of executions; nor can choses in action be attached as they may be in the case of attachments issued to the sheriff from courts of record." (Crock. Sher. [3d ed.] § 1036.) This statement of the law accords the plain language of the statute, and is in harmony with the views of the principal text writers in this State on the practice in Justices' Courts. It affords as formidable an obstacle to the maintenance of the judgment before us as any of the points presented in behalf of the appellant.

The judgment should be reversed, with costs.

All concurred.

Judgment of the County Court and of the justice of the peace reversed, with costs.