(61 Misc. Rep. 54.)

### HOTEL TOURAINE, Inc., v. WAITE.

(Supreme Court, Appellate Term. November 24, 1908.)

1. APPEAL AND ERROR (§ 99*)—JUDGMENTS AVAILABLE.

　　Where neither summons nor notice of entry of judgment were ever personally served on defendant who appeared only to move to vacate an attachment, the judgment and order denying such motion were appealable.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 663; Dec. Dig. § 99.*]

2. COURTS (§ 189*) — MUNICIPAL COURTS — ATTACHMENT—GROUNDS—CONCEALMENT—RESIDENTS.

　　Under Municipal Court Act (Laws 1902, p. 1513, c. 580), § 74, subd. 2, authorizing an attachment against a resident who keeps himself concealed to avoid service of summons, it was error to deny a motion to vacate an attachment on that ground where the original papers did not show whether defendant was a resident or nonresident.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

3. COURTS (§ 189*)—JURISDICTION—ATTACHMENT.

　　Under Municipal Court Act (Laws 1902, p. 1519, c. 580), § 91, requiring that defendant's property shall be duly attached to confer jurisdiction of an action wherein defendant has not appeared and the summons has not been personally served on him, plaintiff in such a case is not entitled to a hearing in case it appears that the warrant of attachment must be vacated for failure of the original papers to show defendant's residence.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Hotel Touraine, Incorporated, against Charles B. Waite. From a judgment for plaintiff, and from an order denying defendant's motion to vacate an attachment, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and SEABURY, JJ.

George Tompkins, for appellant.
Thompson & Salisbury, for respondent.

MacLEAN, J. The defendant appeals from the judgment rendered herein in favor of the plaintiff in an action to recover rent alleged to be due pursuant to agreement, and from an order indorsed on the original papers herein denying the motion to vacate the writ of attachment issued in this action. Neither summons nor notice of entry of judgment have ever been served personally upon the defendant, who appeared only for the purpose of the motion. The judgment is therefore appealable (Dixon v. Carrucci [Sup.] 97 N. Y. Supp. 380, 383),

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and likewise the order, and, it not appearing from the original papers upon which the warrant of attachment was issued whether the defendant is or is not a resident of the state, the denial of the motion to vacate the warrant was error, as by subdivision 2 of section 74 of the Municipal Court act (Laws 1902, p. 1513, c. 580) it must appear that the defendant is a resident to entitle the plaintiff to a warrant on the ground that the defendant keeps himself concealed to avoid service of the summons. The order must therefore be reversed, and the warrant vacated, as also the judgment, for the property of the defendant is no longer duly attached, a prerequisite to the hearing and determination of an action wherein the defendant has not appeared and the summons has not been personally served upon him. Municipal Court Act, § 91.

Judgment and order reversed, with costs, and the attachment vacated. All concur.