### SCHLOSS v. WILSON.

(Supreme Court, Appellate Term. November 10, 1911.)

1. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—ORDERS APPEALABLE—VACATION OF SERVICE.

An order sustaining the traverse of the defendant and setting aside the service of the summons, not being one of the orders enumerated in the Municipal Court Act (Laws 1902, c. 580) from which an appeal may be taken in the first instance, is not appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL—SCOPE OF REVIEW.

Under Municipal Court Act (Laws 1902, c. 580) § 311, relating to appeals, on an appeal from a judgment dismissing the action, appellant may also bring up for review an order setting aside the service of process.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL FROM JUDGMENT—RETURN.

On an appeal from a judgment of the Municipal Court dismissing the action, Municipal Court Act (Laws 1902, c. 580) § 318, requires a certified return, settled and allowed by the trial justice.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph E. Schloss against Frank Wilson. From a Municipal Court order dismissing the action and setting aside the service

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the summons, plaintiff appeals. Return remitted for settlement and allowance by a trial justice.

Argued before SEABURY, GUY, and COHALAN, JJ.

'Samuel P. Goldman (Maurice L. Heidenheimer and William C. McKee, of counsel), for appellant.

Tipple & Plitt (Arthur W. Clement, of counsel), for respondent.

PER CURIAM. The plaintiff appeals from a judgment of the Municipal Court dismissing the action, and also setting aside the service of the summons and complaint, and also states in his notice of appeal that he appeals from an order, entered on March 27, 1911, sustaining the traverse of the defendant and setting aside the service of the summons.

[1] Standing alone, an appeal from an order of this kind will not lie, as it is not one of those orders enumerated in the Municipal Court act from which an appeal can be taken in the first instance. Lyons v. Mulvihill, 128 N. Y. Supp. 653.

[2] It was, however, evidently the intent of the plaintiff to appeal from the judgment, and bring up for review the said order. This may be done. See section 311, Municipal Court Act. And the notice of appeal in this case may be so regarded.

[3] The return from the judgment is not properly before this court, as it has not been settled and allowed by the trial justice, as required by section 318 of the Municipal Court act. It is only in cases of appealable orders that the settlement before the trial justice is not necessary. Guttenbergh v. Genovese, 131 N. Y. Supp. 612. And an order not appealable can only be reviewed upon an appeal from a judgment. The return must be sent back for settlement and allowance.

Return remitted to the lower court, for settlement and allowance by the trial justice.