(90 Misc. Rep. 319)

### APPLETON v. ROSE et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

Courts ⬥189—Municipal Courts—Attachment—Service—Sufficiency.

　　Under Municipal Court Act (Laws 1902, c. 580) § 78, requiring a levy on attachment to be made on property consisting of a demand other than an instrument for the payment of money, by leaving a certified copy of the warrant and a notice showing the property attached with the person against whom the demand exists, and section 83, providing that the marshal, after making an inventory, must serve the summons, together with the warrant of attachment and inventory, upon the defendant, where jurisdiction against nonresidents was sought to be secured by levies under an attachment directed against alleged debtors of the defendants,

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

but no copy of the inventory was delivered to such alleged debtors, the court never acquired jurisdiction of defendants.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ☞189.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Montague I. Appleton against Benjamin D. Rose and another. From a judgment for plaintiff, entered after a default on an inquest, defendants appeal, and give notice of an intention to review an order overruling a traverse of the return and denying a motion to vacate an attachment, the levies under it, and the alleged service of summons and complaint. Reversed, and complaint dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Frank P. Ufford, of New York City, for appellants.

Crane & Baer, of New York City (S. Clinton Crane, of New York City, of counsel), for respondent.

PENDLETON, J. The action is by an employé for breach of an agreement of employment. Defendants being nonresidents, an attachment was issued, and jurisdiction was sought to be secured by levies thereunder. Defendants appeared specially, and moved to set aside and vacate the attachment, the attempted levies thereunder, and the alleged service of the summons and complaint. The court set the motions for trial as upon a traverse of the return, and, after hearing, denied the motions set the case for trial, and, defendants not appearing, an inquest was taken and judgment rendered. A notice of appeal was served, including a notice that the order above mentioned will be brought up for review. Notice was also served of a motion in this court, on affidavits and the testimony on the trial of the traverse, to vacate the alleged levies and for other relief. The levies under the attachment were directed against Gimbel Bros., a corporation, and a copartnership of Bendheim & Strauss, alleged debtors of the defendants.

Defendants' contention is that no notice showing the property attached was left with the person against whom the demand exists, citing section 78 of the Municipal Court Act, and no copy of the inventory was served on defendants by delivering it to the persons served under the attachment, as required by section 83 of that act, when defendant has no place of residence in the city, and that only one copy of the warrant was delivered to each of such persons, whereas two are required, one to comply with section 78, relating to service on the person against whom the demand exists, and one for defendant under section 83. In Umla v. Bennett, 30 App. Div. 324, 51 N. Y. Supp. 932, the failure to serve a copy of the inventory on the person in whose possession the property attached is found was held to be a fatal jurisdictional defect. That case was under section 2910 of the Code, but the language is exactly similar to section 83 of the Municipal Court

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Act. It is substantially undisputed that a copy of the inventory was not delivered to either Gimbel Bros., or Bendheim & Strauss, as required by section 83, and, this being so, the court never acquired jurisdiction of defendants, and the judgment and order should be reversed. Hotel Touraine v. Waite, 61 Misc. Rep. 54, 113 N. Y. Supp. 19; Mears v. North American Brewing Co., 113 App. Div. 41, 98 N. Y. Supp. 1042; Schloss v. Wilson, 74 Misc. Rep. 90, 131 N. Y. Supp. 614; Roberts & Lewis Co. v. Dale, 74 Misc. Rep. 390, 132 N. Y. Supp. 404.

In view of the foregoing, it is unnecessary to consider the other questions raised by appellants.

Judgment and order reversed, with costs, and complaint dismissed, with costs. All concur.