### DIXON v. CARRUCCI.

(Supreme Court, Appellate Term. January 17, 1906.)

1. COURTS—MUNICIPAL COURTS—ATTACHMENT—SUBSTITUTED SERVICE—JUDG-MENT.

Where substituted service is properly made under Municipal Court Act, Laws 1902, p. 1517, c. 580, § 83, providing for substituted service of a summons, warrant of attachment, and inventory of the property attached, if personal service cannot be made, the court is authorized to render a judgment against the defendant, though he has not personally appeared; but such judgment can only be satisfied out of the property attached, as provided by section 91 (page 1519).

**2. SAME—PROCESS—SUBSTITUTED SERVICE.**

Municipal Court Act, Laws 1902, p. 1515, c. 580, § 78, authorizes substituted service when by "reasonable diligence" the defendant cannot be found, and section 83 (page 1517) provides for an attachment and the making of such substituted service at defendant's last place of residence. *Held* that, where defendant had lived in a certain house a short time prior to the date the marshal went there to serve him with the summons, and diligent inquiry by the marshal failed to disclose his whereabouts, and no person was found there on whom service could be made, substituted service was properly made by posting a copy of the papers on the outer door of such house.

**3. SAME—RETURN.**

A return of substituted service, reciting that the marshal left a copy of the papers at "the last known place of residence of the defendant," was a substantial compliance with Municipal Court Act, Laws 1902, p. 1517, c. 580, § 83, authorizing substituted service by leaving a copy of the papers "at the defendant's last place of residence."

**4. SAME—APPEAL—JUDGMENT BY DEFAULT—TIME.**

Under the express provisions of Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, the time within which a defendant who was not personally served, and who did not appear, was entitled to appeal from a judgment, against him by default, did not begin to run until he was personally served with written notice of the entry of the judgment.

**5. SAME—APPEARANCE—SPECIAL APPEARANCE—EFFECT.**

A special appearance solely for the purpose of objecting to the jurisdiction of the court is not an "appearance," within Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, providing that, where personal service of summons has not been made, nor personal service of notice of entry of the judgment had, and the defendant has not appeared, he may appeal at any time within 20 days after personal service of notice of the entry of the judgment.

**6. SAME—JUDGMENTS—DEFAULT—CAUSE OF ACTION—PROOF.**

Municipal Court Act, Laws 1902, p. 1537, c. 580, § 147, provides that, when defendant fails to appear and answer, plaintiff cannot recover without proving his case, except where the action is on a contract, and a copy of a verified complaint was served on defendant at the time of the service of the summons; and section 383 relating to substituted service contains no provision for the service of a complaint as is prescribed for the service of a summons. *Held* that, where substituted service only was had, it was error for the court to enter judgment against defendant by default without proof of plaintiff's claim.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Elwood C. Dixon against Guiseppe Carrucci. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Bunnell & Bunnell (Walter L. Bunnell, of counsel), for appellant. James I. Moore (Joab H. Banton, of counsel), for respondent.

DOWLING, J. A summons and a warrant of attachment were issued in this action in September, 1904. Accompanying the summons was a verified complaint. No personal service of any of the papers was ever made upon the defendant, and therefore the court never obtained jurisdiction over his person.

Section 83 of the Municipal Court Act (Laws 1902, p. 1517, c. 580) provides for substituted service of the summons, warrant of attachment, and inventory of the property attached, if personal service cannot be made. This is for the purpose of conferring jurisdiction upon the court over the property attached. Where such substituted service is properly made, the court can render a judgment against the defendant, although he is not personally served; but such judgment is only presumptive evidence of the indebtedness, the defendant is not barred from any counterclaim, and the execution issued thereon must contain a direction that it be satisfied only out of the property attached. Section 91 of the municipal court act (Laws 1902, p. 1519, c. 580). The marshal made a return in this action as to the way and manner in which he made the service of the papers showing that no personal service was made, but that the provisions regarding substituted service had been substantially complied with. Prior to the return day of the summons, the defendant, appearing specially for the purpose of objecting to the jurisdiction of the court, filed an affidavit attacking the marshal's return and denying the statements set forth in the affidavits upon which the attachment was based. What action was taken upon this affidavit does not appear. Subsequently the defendant made a motion based upon the affidavit already filed, and another one made by his attorney, to vacate the attachment. These affidavits set forth what defendant claimed to be material defects in the service and return made by the marshal, and the notice of motion asked that the attachment be vacated and the complaint dismissed. This motion was returnable October 11, 1904.

It does not appear to have been heard on that day, and later the defendant's attorney served upon the plaintiff's attorney copies of affidavits made by three persons, to the effect that at the time the service of the papers was made by the marshal the defendant resided at No. 1 Minnetta lane and not at 119 West Houston street, where the substituted service had been made. These affidavits conceded that, up to a short time prior to the making of such service by the marshal, the defendant had resided at 119 West Houston street. These last affidavits contradicted the affidavits previously made by the defendant and one of his attorneys used as a basis for the motion; but the attorney filed an affidavit made by him, explaining why his client and himself had stated in the previous affidavits that the defendant lived at No. 111 West Houston street instead of 119. The defendant, however, made no explanatory affidavit; it being shown that soon after the return day of the summons he had gone to France. These last affidavits, as were the first, were evidently used upon the motion. It also appears that the marshal was permitted to make an amended return, in which he set forth at length what he did in making the substituted service. To the making of this amended return there seems to have been no objection made, and the issue before the court below was substantially whether or not the marshal had so complied with the provisions of section 83 of the municipal court act as to confer jurisdiction over the property attached. The court below so held and refused to vacate the attachment, and in this he was correct. The defendant had lived at No. 119 West Houston street a short time prior to the time the marshal went there for the purpose of serving him with the summons,

etc.; diligent inquiry by the marshal failed to disclose his whereabouts, no person was found there upon whom service could be made, a copy of the papers was thereupon posted upon the outer door, and a copy properly mailed. The property attached was already in the custody of the marshal, and his return shows sufficient compliance with section 78 of the municipal court act. Substituted service can be made when by "reasonable diligence" the defendant cannot be found, and whether or not the marshal used such diligence in the case at bar was, under the circumstances, for the court to determine.

The return of the marshal that he left a copy of the papers at "the last known place of residence of the defendant," instead of "at the last place of residence," did not invalidate the return. It is clear from the reading of section 83, supra, that the statute contemplates the substituted service should be made at the defendant's last known place of residence. As to where the defendant actually resided after his departure from 119 West Houston street, if, in fact, it can be said he had any residence in this city prior to his departure for France, is, to say the least, not made certain by the affidavits of his friends, in view of the fact that his attorney located him at 111 West Houston street at one time, but later on seems to have been convinced that he erred in his statement and that the defendant actually resided at No. 1 Minnetta lane. We conclude therefore that the court properly acquired jurisdiction over the property of the defendant. Judgment in rem was entered on December 7, 1904. This appeal was not taken until November 21, 1905.

It is urged by the respondent that no appeal can be taken, this being, as claimed by him, a judgment taken "by default"; and that the defendant's only remedy was to have such default opened in the court below. As before stated, the summons was never served personally upon the defendant, and it is not claimed that written notice of the entry of the judgment was ever served upon him. It is expressly declared by section 311 of the municipal court act that, where personal service of the summons has not been made, nor personal service of a written notice of entry of the judgment served, and the defendant has not appeared, he may appeal at any time until 20 days after such personal service of written notice of the entry of judgment. The appearance contemplated by the statute is such an one as is equivalent to a personal service of the summons and not to one made especially to object to the jurisdiction of the court, and one who so appears waives none of his rights. Tiffany v. Lord, 65 N. Y. 310. It cannot be said in the case at bar that there was such an appearance on the part of the defendant, and, unless the court ignores the plain provisions of the act, this appeal will lie. This court has so held in cases where a judgment in personam was rendered (Austen v. Columbia Lubricants Co. [Sup.] 85 N. Y. Supp. 362; Lazarus v. Boynton [Sup.] 86 N. Y. Supp. 104), and in a similar case in the second department the appeal was entertained (J. H. Mohlman Co. v. Landroohr [Sup.] 83 N. Y. Supp. 1073). Where, however, he has once appeared generally and then defaulted, no appeal lies in the first instance. Kerr v. Walker (Sup.) 93 N. Y. Supp. 311. The cases cited by the respondent are those where the defendant has appeared generally or the summons was personally served.

No point is made by the appellant herein that the affidavits upon which the attachment was based are insufficient. We think, however, that the point urged by the appellant that the plaintiff could not take a judgment herein without proving his case is well taken. Section 147 of the municipal court act provides that, when the defendant fails to appear and answer, the plaintiff cannot recover without proving his case, except that, where the action is on a contract, express or implied, and a copy of a verified complaint was served on defendant at the time of the service of the summons, judgment may be taken as demanded without further proof. Section 83, which provides for substituted service of the summons, etc., for the purpose of obtaining jurisdiction over the attached property, where personal service cannot be made, contains no provision for the service of a complaint, as is prescribed for the service of the summons, etc., and consequently it follows that in this action no complaint has ever been served in such a manner as would entitle the plaintiff to recover without proof of his claim. Judgment against the defendant was entered without proof to sustain it, and must therefore be reversed. As the court, however, obtained jurisdiction over the property, the reversal is not an absolute one, but a new trial is ordered.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.