DIEHL v. STEELE et al.

(Supreme Court, Appellate Term. February 27, 1906.)

1. COURTS—MUNICIPAL COURTS—JUDGMENTS—VACATION—WANT OF SERVICE.
   The Municipal Court of the City of New York has no authority to vacate a judgment for nonservice of summons where the defendant has not appeared.

2. SAME—APPEAL—SCOPE OF REMEDY.
   Where judgment was rendered against defendants in the Municipal Court of the City of New York as default, and they claimed there had never been any service on them nor appearance in their behalf, their remedy was by appeal, under Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, providing that, where defendant appeals from a judgment rendered in the action, wherein he did not appear, and the summons was not personally served on him, the appeal must be taken within 20 days after personal service of written notice of the entry of judgment.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Isabella Diehl against John Steele and another, doing business as the White Star Express Company. From a Municipal Court order setting aside and vacating a judgment in favor of plaintiff, she appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Henry M. Haviland, for appellant.
Willard S. Allen, for respondents.

SCOTT, P. J. This is an appeal by the plaintiff from an order setting aside and vacating a judgment rendered in her favor, upon the ground that the court had no jurisdiction. The judgment was rendered before Mr. Justice Lynn. The defendants took no active part in the trial, and apparently offered no testimony, but an attorney who it is claimed by the plaintiff had previously appeared generally in the action made several motions to be permitted to traverse the return, by showing no service had been made upon the defendants. Upon an order to show cause, subsequently granted by Mr. Justice Sanders, and upon conflicting affidavits used upon the motion, the judgment was vacated and set aside.

An examination of the record clearly shows that the motion made by the defendants was based solely upon the ground of nonservice of the summons and nonappearance in the action on the part of the defendants. It is not necessary for the determination of this appeal to de-

cide upon the merits of the controversy as to whether or not there was personal service upon the defendants, or as to whether or not they had appeared in the action in such a manner as to be equivalent to a general appearance. It is sufficient to say that there is no authority given in the Municipal Court act to vacate a judgment for nonservice of a summons where the defendant has not appeared. Section 253 of the Municipal Court act (Laws 1902, p. 1562, c. 580), provides for the opening of a default; but a defendant cannot be said to be in default if he has never been served with process, and has never appeared in the action, and the defendants make no claim of having been in default, and ask for no relief under that section. Section 254 of the Municipal Court act provides for the making of a motion to vacate a judgment "at the close of the trial," etc., upon the several grounds specified therein; but that section contemplates a motion of that character after a trial of the issues, and not in the case of an inquest, or a case where the defendant has not appeared. The intent and scope of that section is indicated by the provision that "the judge who presided at the trial may make the order," etc. "The statute as it appears has conferred no power to set aside judgments upon the ground that they were rendered without jurisdiction because the summons was not served upon the defendant." Spiropulos v. Magnioni (Dec. Term; Appellate Term, 1905, not yet officially reported) 96 N. Y. Supp. 438. It follows, therefore, that the judge who entertained the motion in the case at bar was without authority, and the order granted by him must be reversed. The defendants have their remedy under the provisions of section 311 of the Municipal Court act. Austen v. Columbia Lubricants Co. (Sup.) 85 N. Y. Supp. 362.

Order reversed, with costs. All concur.