(49 Misc. Rep. 464)

MORRISON et al. v. STEMBER.

(Supreme Court, Appellate Term. February 27, 1906.)

1. COURTS—CITY COURT OF NEW YORK—EXECUTION—SUPPLEMENTARY PROCEED-INGS—DEFAULT OF DEBTOR.

Where a judge of the City Court of New York took the default of the debtor in supplementary proceedings, he had jurisdiction to entertain a motion to open the default, and upon a denial of the motion hear a re-argument, and nullify his previous determination by opening the default.

2. EXECUTION—SUPPLEMENTARY PROCEEDINGS—ORDERS—CONSTRUCTION.

Where a motion to open the default of a judgment debtor in supplemen-tary proceedings was based upon an order to show cause, granted by the same judge who had taken the default and denied the motion to open it, the fact that the order to show cause was made returnable "before me or one of the justices of this court, at a Special Term chambers thereof," did not affect the validity of the proceedings, as the words "one of the justices of this court," etc., might be regarded as surplusage.

3. EXECUTION—SUPPLEMENTARY PROCEEDINGS—ADJOURNMENT.

In supplementary proceedings it is within the discretion of the judge to deny a motion to adjourn the examination.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 1152.]

Appeal from City Court of New York, Special Term.

Examination in supplementary proceedings of Jacob Morrison and another against David Stember. From orders made at the special term of the City Court of New York the judgment creditors appeal. Orders modified and affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

Gustavus A. Rogers, for appellants.
Max Brown, for respondent.

GREENBAUM, J. The judge of the City Court who made the order from which this appeal is taken had jurisdiction to entertain the

proceedings supplementary to execution, notwithstanding the original order had been granted by another judge. Section 26, Code Civil Proc. Assuming, therefore, that the proceedings were therefore regular, said judge had power to take the default of the debtor, and therefore jurisdiction to entertain a motion to open the default, and, upon a denial of said motion, to hear a reargument, and nullify his previous determination by opening the default, and setting down the examination for another day. The motion to open the default of the judgment debtor was based upon an order to show cause granted by the same judge who had taken the default, and who had denied the motion to open it, and the fact that the order to show cause was made returnable "before me or one of the justices of this court, at a Special Term chambers thereof," etc., did not affect the validity of the proceedings, as the words "one of the justices of this court," etc., may be regarded as surplusage. In Bitting v. Vandenburgh, 17 How. Prac. 81, cited by the appellants, the motion was made returnable "at a Special Term of this court," and not before the justice who had entertained original jurisdiction of the special proceedings.

The point here raised that the order opening the default is erroneous in form, in that it appears to be a court, instead of a judge's, order, is well taken, and to that extent the order should have been resettled. The action of the learned judge in refusing to resettle the order in the form proposed will not, however, be disturbed. The order opening the default will be modified, so as to be in form a judge's order, and for that purpose the matter is remitted to the justice who decided the motion, and, as thus modified, the order will be affirmed, without costs.

Appeal from the order denying a motion to resettle, known as "Appeal No. 2," will be modified to the extent that the costs' therein allowed may be offset against the judgment by plaintiffs, instead of being absolute.

Appeal No. 3 presents the situation which fully justified the entry of the order made by the learned justice. It was entirely within the exercise of his discretion to deny the motion to adjourn the examination, and no abuse of the exercise of that discretion is apparent. That order is affirmed, with $10 costs and disbursements to respondent, to be offset against plaintiffs' judgment.

Appeal No. 4 is from an order of the Special Term denying a motion to resettle the order opening the judgment debtor's default, made by a justice of that court. If, as plaintiffs' counsel contends, the order sought to be resettled was a judge's order, then it was improperly made returnable before the Special Term, and the court was justified in denying the motion; and, if the Special Term had the power to entertain it, then the exercise of its discretion should not be here disturbed. The order is affirmed, with $10 costs to respondent, to be offset against plaintiffs' judgment.

Order opening default modified, and, as thus modified, affirmed, without costs. Appeal No. 2: Order modified. Appeal No. 3: Order affirmed, with $10 costs and disbursements to respondent, to be offset against plaintiffs' judgment. Appeal No. 4: Order affirmed, with $10 costs to respondent, to be offset against plaintiffs' judgment. All concur.