ROGERS v. FINE et al.

(Supreme Court, Appellate Term. February 27, 1906.)

1. COURTS—MUNICIPAL COURTS—PROCEDURE.
   Although the Municipal Court act does in terms provide for a dismissal of a written complaint on the ground that it does not state a cause of action unless a written demurrer has been interposed, the power to so dismiss must be deemed to be inherent in the court.

2. SAME—DISMISSAL OF COMPLAINT—RIGHT TO AMEND.
   Under Municipal Court Act, Laws 1902, p. 1536, c. 580, § 145, subd. 4, the allowance of an amendment is made obligatory when a written demurrer is sustained, and by analogy it is the duty of the court to allow an amendment upon the granting of a motion to dismiss for insufficiency of the complaint, which is, in effect, an oral demurrer.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Morris Rogers against Abraham Fine and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Gustavus A. Rogers, for appellant.

PER CURIAM. Although the Municipal Court act does not, in terms, provide for a dismissal of a written complaint upon the ground that it does not state facts sufficient to constitute a cause of action unless a written demurrer has been interposed, we think that the power to so dismiss must be deemed to be inherent in the court (Morris v. Hunken, 40 App. Div. 129, 57 N. Y. Supp. 712), because it would be idle to permit the plaintiff to prove a state of facts which when proven could result only in a nonsuit. When such a motion is granted, however, the plaintiff should be allowed to amend, so as, if possible, to cure the defect. The allowance of such an amendment is made obligatory by subdivision 4, § 145, of the Municipal Court act (Laws 1902, p. 1536, c. 580), when a written demurrer is sustained, and by analogy should follow upon the granting of a motion to dismiss for insufficiency, which is, in effect, an oral demurrer. The justice erred in refusing plaintiff's application for leave to amend, and the judgment must for that reason be reversed.

Judgement reversed, and new trial ordered, with costs to appellant to abide the event.