Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am
St. Rep. 778; Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987,
16 L. R. A. 640, 28 Am. St. Rep. 594. We do not understand the
respondent to question this rule. Instead, he urges that the evidence
warranted the conclusion that the premises were demised in a de-
fective condition. This contention cannot prevail, in the face of the
charge of the trial court to the effect that there was no such proof;
and, moreover, we think the trial court was right in this respect, from
which it follows that the motion for a nonsuit should have been granted.

The judgment and order should be reversed, and a new trial order-
ed; costs to abide the event. All concur.

---

WENDIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

COURTS—MUNICIPAL COURTS—PROCEDURE—APPEAL—DECISIONS REVIEWABLE.

Municipal Court Act, Laws 1902, p. 1563, c. 580, § 257, provides that an
appeal shall lie from an order granting or denying a motion, made, as
provided in the four preceding sections, as from a judgment, except that
no appeal shall lie in the first instance from an order opening a default
and vacating a judgment entered thereon. *Held* that, where a municipal
court judgment in favor of plaintiff, rendered on defendant's default, was
vacated, plaintiff could not appeal from the judgment for the purpose of
obtaining a review of the order vacating the judgment and opening the
default, but was compelled to submit to a new trial, and appeal from the
final judgment, if adverse, on which the order vacating the former judg-
ment could be reviewed.

Appeal from Municipal Court, Borough of Brooklyn, First Dis-
trict.

Action by Robert Wendin against the Brooklyn Heights Railroad
Company. From a municipal court judgment in favor of plaintiff, he
appeals for the purpose of procuring a review of an order vacating
the judgment and opening defendant's default. Dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH,
MILLER, and GAYNOR, JJ.

Charles A. Rathkopf, for appellant.
A. M. Williams, for respondent.

WOODWARD, J. This action was brought for the purpose of
recovering damages for personal injuries resulting from an assault
committed upon the plaintiff by one of defendant's servants while
plaintiff was a passenger in one of the defendant's cars. The action
resulted in a judgment in favor of the plaintiff for $100. Subsequently
the defendant moved the court to open the judgment, which was taken
by default after numerous adjournments, and the motion made before
the learned justice who tried the action was denied, with $5 costs.
Later the defendant made a motion before another justice of the
Municipal Court, asking to have the default opened, and this motion
was granted, on condition that the defendant pay the plaintiff $10
costs, which appears to have been done, although in an irregular man-

ner. The plaintiff, who has no grievance so far as the judgment is concerned, appeals from the judgment in an effort to get a review of this order opening the default; and, while we have no doubt, under the facts stated, that he would be entitled to a reversal of the order if the same was before the court, we are of opinion that he cannot appeal from a judgment with which he is satisfied, for the purpose of gaining relief from the order; that he cannot give this court jurisdiction in this way.

Section 257 of the Municipal Court Act, Laws 1902, p. 1563, c. 580, provides that:

"An appeal shall lie from an order granting or denying a motion, made as provided in the last four sections, as from a judgment; except that no appeal shall lie in the first instance from an order opening a default and vacating a judgment entered thereon."

It was evidently the purpose of this section not to permit an appeal from an order vacating a judgment, but to compel the parties to retry the action and review all of the questions upon an appeal from the final judgment, if it resulted adversely to the party whose judgment had been vacated. As the plaintiff's case now stands, there is no judgment for him to appeal from; the default has been opened, and the judgment set aside. Until the judgment, or some judgment, in the case has been entered, there is no foundation for an appeal from the judgment, and, as the order cannot be reviewed in the first instance, the original judgment cannot be reinstated. This does not seem to reach the justice of this particular case, but we have no power to change the law governing the jurisdiction of this court in reviewing judgments of the Municipal Court, and there seems no other way than to dismiss this appeal; but it should be without costs.

Appeal dismissed, without costs. All concur.