### BERKMAN v. WEISINGER.

(Supreme Court, Appellate Term. June 1, 1906.)

1. COURTS—MUNICIPAL COURT—ALIAS SUMMONS—RETURN OF ORIGINAL SUMMONS.

Where an action is commenced by issuance of a summons which is never served, no jurisdiction is obtained by the issuance and service of an alias summons, without return being first made, as required by Municipal Court Act, Laws 1902, p. 1499, c. 580, § 30, by the marshal or other person having the original summons to serve, that the defendant could not be found.

2. SAME—MOTION TO DISMISS—RENEWAL BEFORE ANOTHER JUSTICE.

The order of a justice made on return day, denying the motion to dismiss because no jurisdiction was obtained by the alias summons, not being appealable under Municipal Court Act, Laws 1902, pp. 1562, 1563, c. 580, §§ 253–255, the motion may be renewed at the trial before another justice; his action in granting the motion not being a review of another justice's order.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Davis Berkman against Samuel Weisinger. From a judgment dismissing the complaint without prejudice to a new action, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Leon Dashew, for appellant.
Alex B. Greenberg, for respondent.

GILDERSLEEVE, J. There is no dispute as to the facts in this case. The action was commenced by the issuance of a summons which was never served upon the defendant. Thereupon, without a return made by the marshal or any other person that the defendant could not be found, as required by section 30 of the Municipal Court act (Laws 1902, p. 1499, c. 580), an alias summons was issued upon request of the plaintiff. This alias summons was served, and upon the return day thereof the defendant appeared specially and objected to the jurisdiction of the justice, upon the ground that no alias summons could issue without the proof above mentioned and provided for in said section. This motion was denied, and the case set down for trial. When the day for trial was reached another justice was sitting in the district, and upon the case being called for trial the defendant again moved to dismiss the action for want of jurisdiction, upon the same grounds as first made. The then trial justice took the motion under advisement. The trial proceeded, and at the close of plaintiff's case the defendant

again renewed his motion and rested his case. Subsequently the court rendered a judgment dismissing the complaint without prejudice to a new action, and based his decision upon the ground of want of jurisdiction.

In this we think he was clearly right. The plaintiff, when he found that the original summons had not been served, unless he desired to keep the action alive, could have had another original summons issued. He elected to request that an "alias" summons be issued. Before authority to issue such a summons is conferred upon the clerk, the marshal or other person having the summons to serve must make a return to the effect that the defendant cannot be found so as to be served. This was not done, and the issue of an "alias" summons was thereby unauthorized. Loeb v. Smith, 24 Misc. Rep. 200, 52 N. Y. Supp. 677.

Although a formal order denying defendant's motion to dismiss the complaint was entered, there was no necessity for the entry of such an order, as no appeal would lie therefrom; it not being one of the orders mentioned in sections 253–255 of the Municipal Court act, Laws 1902, pp. 1562, 1563, c. 580 (White v. Lawyer's Surety Co. [Sup.] 84 N. Y. Supp. 247), and the defendant's only method of a review of the denial of his motion would have been upon an appeal from the judgment. It cannot, therefore, be said that the subsequent action of the justice, who, upon the renewal of the defendant's motion, entertained and granted it, was a review of another justice's order, as his action was merely the granting of a motion made by the defendant before he had waived any of his rights by a general appearance in the action. Tiffany v. Lord, 65 N. Y. 310.

The judgment must therefore be affirmed, with costs. All concur.