STEPHENS v. MOLLOY.

(Supreme Court, Appellate Term.   June 1, 1906.)

1. COURTS—MUNICIPAL COURTS—PROCESS—SUBSTITUTED SERVICE.
    Where the papers on which an order allowing substituted service was granted were not filed within six days after the return date of the summons, as required by Municipal Court Act, Laws 1902, p. 1501, c. 580, § 34, the order was inoperative.

2. APPEARANCE—JURISDICTION — OBJECTIONS — DEFECTIVE SERVICE — WAIVER.
    Where a defendant appears specially and objects to the jurisdiction of the court over his person, and his objection is overruled, he does not waive the question of jurisdiction by filing an answer and cross-examining witnesses at the trial; he having expressly renewed his objection before any testimony was taken, and again at the close of plaintiff's

case, when he refused to put in any defense to the merits, or make any motion on the merits.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Olin J. Stephens against Frank W. Molloy. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

W. C. Relyea, for appellant.
W. B. Dressler, for respondent.

DAVIS, J. The plaintiff attempted to serve his summons and verified complaint in this action December 19, 1905, by substitution, under an order granted December 18, 1905. By the terms of the summons it was made returnable December 28, 1905. Under section 34 of the Municipal Court act (Laws 1902, p. 1501, c. 580) the order allowing substituted service and the papers upon which the order is granted must be filed not less than six days before the return day of the summons; otherwise, the order becomes inoperative. It is admitted that the order and papers on which it was granted were not filed within the required time. On the return day of the summons the defendant appeared specially through his attorney by filing a written notice of appearance, and moved to dismiss the complaint on the ground that the court had no jurisdiction to try the action because of plaintiff's failure to comply with section 34 of the Municipal Court act, so far as it required the filing of the order allowing substituted service and the papers upon which the order was granted at least six days before the return day of the summons. The motion was denied, and a written order was thereupon made to that effect. The defendant then filed a verified answer. After two adjournments the case came to a trial on February 5, 1906. Before any testimony was taken the defendant's attorney renewed his motion to dismiss the complaint upon the ground of lack of jurisdiction in the court to try the action, because of failure to comply with section 34 of the Municipal Court act. The court reserved decision on this motion, and the plaintiff's witnesses were called and examined; the defendant cross-examining. At the close of plaintiff's case the defendant's attorney again renewed his motion to dismiss the complaint for lack of jurisdiction in the court, and stated that he would not make a motion upon the merits, and that he wished it to appear upon the record that he would put in no proof and that he would not dispute any case which the plaintiff had made out. The court again reserved its decision on this motion, and on the 28th of February, 1906, granted the motion, and rendered judgment against the plaintiff and in favor of the defendant. It is admitted by both sides, and it is the fact, that at the outset the defendant's motion should have been granted, because the court was clearly without jurisdiction because of the failure of the plaintiff to comply with section 34 of the Municipal Court act. The defendant, when he made that motion, had not appeared generally. It was a special appearance for the sole purpose of making the motion, and that appearance did not give the court jurisdiction over the person

of the defendant. It may be argued that the defendant should have made a motion in terms to set aside the complaint; but it is clear that the real proceeding was to set aside the service of process, and the record shows that the justice and the parties all understood that such was the motion. We therefore proceed upon the presumption that the motion was to set aside the process.

The appellant contends that the filing of a verified answer by the defendant after the denial of the motion to set aside the service of process was in effect a voluntary general appearance, and from that time on the court obtained jurisdiction of the person, and that the jurisdictional defect complained of was thereby waived. He claims, further, that this waiver was emphasized by the fact that the defendant took part in the trial and cross-examined witnesses. The main question to be determined on this appeal is whether a defendant who appears specially in an action in a Municipal Court, and objects to the jurisdiction of the court over the person, and is overruled by the court, waives the question of jurisdiction over the person by filing an answer and taking part in the trial, although he expressly renews his objection to the jurisdiction before any testimony is taken, and again at the close of the plaintiff's case, puts in no defense, and expressly states that he makes no motion on the merits. In the case of Jones v. Jones, 36 Hun, 414, 418, the court say, in effect, that it has been held to be the law, in cases arising, not only in this state, but in other states, and in the Supreme Court of the United States, that a court in which a legal proceeding has been carried on without obtaining jurisdiction of the person of the defendant could not acquire such jurisdiction by his appearance for the purpose of objecting and alleging this want of it, and that, if his plea or answer were overruled, he might still contest the merits of the action without depriving himself of the validity of the objection taken to the jurisdiction of the tribunal. This case was affirmed on appeal to the Court of Appeals. 108 N. Y. 415, 15 N. E. 707, 2 Am. St. Rep. 447. At page 425 of 108 N. Y., page 709 of 15 N. E. (2 Am. St. Rep. 447), Judge Andrews, in his opinion, says:

"In Avery v. Slack, 17 Wend. 85, it was held that a party who appeared and objected to the validity of process did not waive the objection by answering and going to trial on the merits after his objection had been overruled. The principle has been applied in a great variety of cases, and there is substantial uniformity in the decisions to the effect that a party not properly served with process, so as to give the court jurisdiction of the person, does not waive the objection or confer jurisdiction by answering over and going to trial on the merits after he has ineffectually objected to the jurisdiction and his objection has been overruled."

In support of this principle the case of Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, was cited. At page 479 of 98 U. S., page 238 of 25 L. Ed., Mr. Justice Field, delivering the opinion of the court, says:

"The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground, or what we consider as intended, that the service be set aside; nor, when that motion was overruled, by their answering for him to the merits of the action. Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when, being urged, it is over-

ruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

In the case of Lazzarone v. Oishei, 2 Misc. Rep. 200, 206, 21 N. Y. Supp. 267, 272, Judge Hatch, writing for the court (General Term of the Buffalo Superior Court) and holding that the court below had no jurisdiction to try the case because it appeared that there was no sufficient service of the summons, says:

"When the parties appeared before the judge, defendant objected to the jurisdiction of the court upon the ground that there was no sufficient service of the summons. This objection raised the question of jurisdiction of the person of the defendant. * * * It is urged that he waived this objection. But it appears that he objected, and that the court overruled his objection. He was then either compelled to appear or suffer judgment by default to pass against him. I do not understand that an appearance in litigation under such circumstances has ever been held to constitute a waiver of the question of jurisdiction of the court. On the contrary, every adjudicated case that has fallen under my observation refutes such doctrine."

In the case of Boynton v. Keeseville Electric Light & Power Co., 5 Misc. Rep. 118, 25 N. Y. Supp. 741, affirmed without opinion in 78 Hun, 609, 28 N. Y. Supp. 1117, Mr. Justice Laughlin says:

"It is further contended by the respondent upon the argument that, inasmuch as the defendant appeared and filed an answer and took part in the trial after its objection to the jurisdiction of the court had been overruled, that was a sufficient appearance on the part of the defendant, and gave the court jurisdiction; in other words, that by thus appearing the objections previously taken to the jurisdiction of the court were waived. Such contention is not supported by the authorities."

The case of Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884, does not contradict the views expressed in the cases cited above. In the Reed Case the defendants at the outset entered a general appearance by an attorney who served a general notice of retainer. Thus they submitted to the jurisdiction of the court voluntarily. But, when they subsequently raised the question of jurisdiction in their answer, the court held that it was too late, because the appearance was general and voluntary. I see nothing in the language of the court in this case that leads to an inference that, where a defendant's initial action is an objection to the jurisdiction of the court under a special appearance, he waives the question of jurisdiction by filing an answer and continuing the trial. The difference between that case and the case at bar is radical. In that case the defendant's first step was to appear generally and answer, raising his jurisdictional question in his answer. In the case at bar the defendant's first step was his appearance specially to raise the question of jurisdiction, and his answer was not filed until he had been overruled on the question of jurisdiction. We have considered the cases of Woodruff v. Austin, 16 Misc. Rep. 544, 38 N. Y. Supp. 787, Goldstein v. Goldsmith, 28 Misc. Rep. 569, 59 N. Y. Supp. 677, Schillinger v. Herrmann, 35 Misc. Rep. 282, 71 N. Y. Supp. 778, Sweetzer v. Kembert, 11 Misc. Rep. 107, 31 N. Y. Supp. 995, and Hutton v. Murphy, 9 Misc. Rep. 152, 29 N. Y. Supp. 70, but do not consider that they require us to hold views different from those ex-

pressed above.   Under the authorities referred to we think that the defendant did not waive the question of jurisdiction by filing his answer and taking part in the trial, and that the learned justice committed no error in rendering judgment for the defendant.

We think, however, that the judgment should be modified by providing that the action be dismissed, with costs, without prejudice to a new action (section 248 of the Municipal Court act [Laws 1902, p. 1561, c. 580]); and, as so modified, the judgment is affirmed, with costs. All concur.