ISAIAH T. WILLET

*vs.*

EDWARD R. CLARK.

Cumberland.    Opinion July 13, 1907.

*Trover.    Appeal from Municipal Court.    Amendments to Pleadings.    New Pleas.*

1.  An appeal from a municipal court or trial justice vacates the judgment
    of that court and removes the whole case to the appellate court to be tried
    and judgment rendered de novo upon both law and fact.

2.  In considering and disposing of such case upon appeal the appellate
    court can allow amendments to pleadings and new pleas to be filed as fully
    as if the case had been originally brought in that court except as to dila-
    tory pleas.

3.  Upon such appeal of an action of trover where the general issue alone
    had been pleaded in the lower court, the appellate court can allow to be
    filed a brief statement that the title to the property described in the decla-
    ration was in the defendant.

4.  The court does not hold however even by implication that such brief
    statement is necessary to admit that defense.

On exceptions by plaintiff.    Overruled.

Trover for the conversion of four cords of wood alleged to have
been taken and carried away by the defendant.

The action was brought in the Portland Municipal Court.    Plea,
the general issue.    After trial had, said court rendered judgment
for the plaintiff, and thereupon the defendant appealed to the Cum-
berland County Superior Court.    At the trial in the Superior
Court, it appearing that the plaintiff did not have the entire title
to the wood sued for, he was allowed to amend his writ by adding
the names of Grace L. Procter and E. E. Procter as parties plain-
tiff.    The defendant then testified that the title to the land from
which the wood was cut was in himself and not in the plaintiffs.
The plaintiff seasonably objected to the admission of this testimony,
claiming that evidence of title was not admissible under the plea of
the general issue but must be specially pleaded by brief statement

or otherwise if the defendant would avail himself of such a defense. This objection was overruled and the plaintiff excepted. At the close of his testimony, the defendant moved to amend his plea by adding the following brief statement: "And the said defendant says that at the time said property was taken the title thereto was in himself, and that therefore he is not guilty of taking property of said plaintiff." The plaintiff seasonably objected to the allowance of this amendment but the objection was overruled and the amendment allowed. To this ruling the plaintiff also excepted, "claiming that this being an appeal case the plea must remain as it was in the lower court as otherwise a new issue is presented to the jury in place of the original issue which was passed upon by the court below." The verdict was for the defendant.

*Emery G. Wilson*, for plaintiff.

*George S. Murphy, Connellan & Robinson*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

EMERY, C. J. This was a personal action of trover for the conversion of personal property. It was begun in the Portland Municipal Court where judgment was rendered for the plaintiff. Whereupon the defendant duly appealed to the Superior Court for Cumberland County and duly entered his appeal. In the Municipal Court the only plea filed by the defendant was the general issue, but in the Superior Court he asked leave to add a brief statement that the title to the property described in the declaration was in himself. Leave to do this was granted against the plaintiff's objection, and he excepted.

The plaintiff urges that the only issue that could be formed and tried in the appellate court was that formed by the pleadings in the court of the first instance, and hence no new pleas can be allowed in the appellate court. This might be so if the appeal operated merely as a writ of error, but an appeal from a Municipal Court, or trial Justice, to a Superior Court, vacates the judgment of the lower court and removes the whole case to the Superior Court to be tried de novo upon both law and fact. The case is then no longer pend-

ing in the lower court and is pending only in the Superior Court, which, if the appeal be properly taken, will render its own judgment and issue its own writ of execution without remanding the case to the lower court. In considering and disposing of the case the Superior Court can allow amendments to pleadings and admit new pleas to be filed as fully as if the case had been originally brought in that court, except perhaps as to dilatory pleas. *King* v. *Lacy,* 8 Conn. 499; *Stalbird* v. *Beattie,* 36 N. H. 455. The amendment was clearly allowable.

The cases cited by the plaintiff, contra, were cases where the title to real estate was put in issue by the pleadings in the lower court and the case was thereby transferred to a Superior Court for trial upon that issue, the judgment of that court to depend upon the determination of that issue. They were not cases of appeal since the lower court rendered no judgment and, indeed, could not hear the case. They were cases where a particular issue was formed by the pleadings in one court and the case thereby, upon that issue alone, transferred to another court. In such cases ordinarily the only issue to be tried in the second court is that thus formed in the first court.

In holding that the amendment in the case at bar was allowable, we by no means, hold even by implication that it was necessary.

*Exceptions overruled.*