## LEE v. REVOLVING AIRSHIP TOWER CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. COURTS—MUNICIPAL COURTS—APPEAL—DECISIONS REVIEWABLE—OPENING DEFAULT.

Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, relates to the setting aside of a verdict and the vacating or amending of a judgment in the Municipal Court. Section 255 provides for the granting of a new trial on the ground of fraud or newly discovered evidence. Section 256 relates to the terms such court may impose as a condition for opening any default, or vacating or modifying a judgment, and provides that it may order defendant to deposit the amount of the judgment in court, or ·give an undertaking that he will not transfer his property with intent to hinder plaintiff's collection of his demand, if plaintiff shall prevail . on the trial, and that he will pay any judgment recovered against him. Section 257 provides· that an appeal shall lie from an order granting or denying a motion, made as provided in the "last four sections," as from a judgment, except that no appeal shall lie in the first instance from an order opening a default and vacating a judgment entered thereon. *Held*, that an order opening a default, upon which a final order had been entered against defendant, and permitting it to come in "and defend this proceeding," while suspending operation of the final order,. did not vacate a judgment, and hence was not within the proviso, so as to prevent an appeal therefrom.

[Ed. Note.—For cases in point, see note at end of case.]

2. SAME.

It was the intent of the Legislature to deny the right of appeal by a plaintiff where defendant's default has been opened.

3. SAME.

An appeal will lie by a defendant from an order denying its motion to open its default, and hence will lie in summary proceedings by a landlord to remove a tenant from premises for nonpayment of rent, where the court required, as a condition for opening a final order in favor of the landlord entered on the tenant's default, that the tenant give an undertaking in the sum of $4,000, the amount of rent which the landlord claimed was due at the time the proceedings were instituted, conditioned for the payment of that sum to the landlord, if it·were determined upon the trial of the proceeding that that sum was due him as rent; the landlord having· obtained no such judgment, and the Municipal Court being without jurisdiction to render one for that amount, as the condition was a gross abuse of discretion, which amounted to a denial of the motion.

Jenks and Miller, JJ., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Arthur L. Lee, agent of the Steeplechase Company, etc., against the Revolving Airship Tower Company. There was an order granting conditionally a motion to open defendant's default in supplementary proceedings and allow it to come in and defend, and it appeals. Modified and affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

Myer Nussbaum (David Bernstein, on the brief), for appellant.
A. F. Van Thun, Jr., for respondent.

HOOKER, J.  The petitioner obtained a final order in summary proceedings providing for the removal of the tenant from certain premises owned by the petitioner.  Upon the return day of the precept the tenant did not appear, and a final order was entered against him.  Later a motion was made by the tenant to open the default and to allow it to come in and defend.  The Municipal Court granted the motion to open the default, and with its conclusion in that respect we agree.  As part of the order opening the default, however, it was provided as a condition that the tenant should execute and file with the clerk of the court, on or before the day which was named for the trial, an undertaking in the sum of $4,000, the amount of rent which the petitioner claimed was due from the tenant and unpaid at the time the proceedings were instituted, which undertaking should be signed by two sureties and approved by a justice of the Municipal Court, and that the sureties should justify and the undertaking be conditioned for the payment of the said sum of $4,000 to the landlord in the event that it be determined upon the trial of this proceeding that the sum of $4,000 was due for rent as alleged in the petition.  As a further condition it was provided that the tenant pay the landlord $10 costs and his actual disbursements in the proceedings, and in default of compliance on the part of the tenant with any of the terms of the order it was provided that the tenant's motion to open the default be denied.  The tenant has appealed to this court from so much of the order as directs the execution and filing of the undertaking named therein.

It is urged by the landlord that section 257 of the Municipal Court act (Laws 1902, p. 1563, c. 580) perforce provides for the opening of defaults by the Municipal Court; section 254 provides in relation to the setting aside of a verdict, or the vacating, amending, or modifying of a judgment in a Municipal Court; section 255 provides for the granting of a new trial in a proper case on the ground of fraud or newly discovered evidence; and section 256 relates to the terms a Municipal Court may impose as a condition for opening any default, or vacating, amending, modifying, or setting aside any judgment. Section 257 provides as follows:

"An appeal shall lie from an order granting or denying a motion, made as provided in the last four sections; as from a judgment; except, that no appeal shall lie in the first instance from an order opening a default and vacating a judgment entered thereon."

By the terms of section 257 an appeal lies from the order now under review, unless the proviso contained in that section is sufficiently broad to cover this case.  By the language of the proviso the right of appeal is denied in cases where the order opens a default and vacates a judgment.  Strictly speaking, that is not this case.  The order, it is true, opens the tenant's default and permits it to come in "and de-

fend this proceeding," and hence, of course, suspended the operation of the final order; but no judgment was vacated, and hence the proviso cannot apply.

There is another view in which I think we may consider this appeal. It seems to me, from a reading of the sections which have been mentioned, that it was the intent of the Legislature to deny the right of appeal by the party prosecuting in a case where the court has opened the defendant's default. Certainly an appeal would lie by a defendant from an order denying its motion to open a default suffered by it. In effect that is this case. The conditions imposed for opening the default are not only such as the Municipal Court has no power to grant (section 256, Municipal Court Act), but are, in the nature of things, so harsh and unjust as to be a virtual denial of the motion to open the default. The tenant claims that no rent whatever was due from it to the landlord at the time these proceedings were instituted. The landlord claims that the full sum of $4,000 was due. The issue in the Municipal Court upon the filing of the tenant's answer to the landlord's petition is whether or not any rent was due and unpaid at the time of the institution of the proceedings. It goes without saying that the Municipal Court had no jurisdiction to make a judicial determination that there was $4,000 due from the tenant, upon which the landlord might issue its execution and collect that or any other sum from the tenant. A finding in the Municipal Court that the landlord was entitled to the relief demanded in his petition, namely, the final order directing the removal of the tenant from the premises, could in no way be a bar to the defense by the tenant in a proper court for rent that this sum was not due. The financial circumstances of the defendant are not fully disclosed, and it does not appear whether it is possible for the tenant to obtain the execution of an undertaking for the sum of $4,000 conditioned for the payment of that sum if the prayer of the landlord's petition be ultimately granted; but, whatever the fact may be in relation to the defendant's ability to file such an undertaking, this gross abuse of the court's discretion in relation to the imposition of terms as a condition for opening the default is in effect, we think, a practical denial of the tenant's motion, and, that being so, an appeal from so much of the order as imposes these unusual conditions lies to this court under the provisions of section 257 of the Municipal Court Act.

What we have already said indicates the view we take of the impropriety of the conditions imposed. The order appealed from must therefore be modified, by striking out the provision in relation to the undertaking, and, as so modified, affirmed, with costs to the appellant.

GAYNOR and RICH, JJ., concur. JENKS and MILLER, JJ., dissent, on the ground that the order was not appealable in the first instance.

### NOTE.

[a] (Ala. 1907.) Section 1 of the act declaring the power and jurisdiction of the city court of Anniston (Acts 1896–97, p. 324) provides that when exercising the jurisdiction and powers of courts of law such court shall conform to the rules of procedure and practice in the circuit courts of the state; and when exercising the powers and jurisdiction of courts of equity it shall con-

form to the rules of procedure and practice in the chancery courts of the state, except where the rules of practice and procedure are changed by the act. Section 15 provides that all bills of exceptions shall be presented to and signed by the judge of the city court within 30 days after trial, unless such time be extended by order of the court entered in the cause or by agreement of counsel in writing filed therein. Section 5 provides that there shall be two regular terms of court, and specifies their time and duration. *Held*, that it was competent for the trial court, within 30 days after the trial, to extend the time for such a period as it in its discretion saw fit, even though such time extended into another term.—Murphy v. St. Louis Coffin Co., 43 South. 212.

[b] (Ala. 1907) Section 15 of the act declaring the power and jurisdiction of the city court of Anniston (Acts 1896–97, p. 331) provides that all bills of exceptions shall be presented to the judge within 30 days after trial, unless such time be extended by order of court entered in the cause or by agreement of counsel in writing filed therein. *Held*, that authority to grant or agree to such extension was not limited to one extension, and hence, where the court granted an extension within 30 days and subsequent ones were agreed to by counsel, a bill of exceptions signed within the time limited in the last extension was within the time prescribed.—Murphy v. St. Louis Coffin Co., 43 South. 212.

[c] (Ala. 1907) Under Acts 1900, p. 830, § 10, regulating the practice of the Montgomery city court, and providing that a bill of exceptions must be signed within 30 days after the day on which the issues of fact to which the bill relates was tried, unless the time is extended by agreement, etc., attorneys may not agree to extend the time for signing after the time previously extended by law or otherwise has expired.—Montgomery Traction Co. v. Bozeman, 44 South. 559.

[d] (Kan. 1907) The district court on appeal from a city court having the jurisdiction of a justice has such jurisdiction only as had the court from which the appeal was taken.—Ferguson-McKinney Dry Goods Co. v. Grear, 90 Pac. 770.

[e] (Me. 1907) On appeal from a municipal court in an action of trover, where the general issue alone has been pleaded below, the appellate court can allow a brief statement to be filed, alleging that the title to the property described was in defendant.—Willet v. Clark, 67 Atl. 566.

[f] (Me. 1907) On appeal from the municipal court, the appellate court can allow amendments to pleadings and new pleas to be filed as fully as if the case had been originally brought in that court.—Willet v. Clark, 67 Atl. 566.

[ff] (Me. 1907) On appeal from a municipal court, the judgment of that court is vacated, and the whole cause is removed to the appellate court, to be tried de novo.—Willet v. Clark, 67 Atl. 566.

[g] (N. Y. 1905) Under Municipal Court Act, § 166 (Laws 1902, p. 1542, c. 580), declaring that the court must, upon application, allow a pleading to be amended at any time, if substantial justice will be promoted thereby, it was proper to permit plaintiff, at the close of his case, to amend his complaint by changing it from use and occupation to trespass, where the facts upon which both causes of action were founded were the same. Judgment (1904) 91 N. Y. S. 390, affirmed.—Bunke v. New York Telephone Co., 110 App. Div. 241, 97 N. Y. Supp. 66.

[gg] (N. Y. 1906) Municipal Court Act, Laws 1902, p. 1563, c. 580, § 257, provides that an appeal shall lie from an order granting or denying a motion, made, as provided in the four preceding sections, as from a judgment, except that no appeal shall lie in the first instance from an order opening a default and vacating a judgment entered thereon. *Held* that, where a municipal court judgment in favor of plaintiff, rendered on defendant's default, was vacated, plaintiff could not appeal from the judgment for the purpose of obtaining a review of the order vacating the judgment and opening the default, but was compelled to submit to a new trial, and appeal from the final judgment, if adverse, on which the order vacating the former judgment could be reviewed. —Wendin v. Brooklyn Heights R. Co., 111 App. Div. 390, 97 N. Y. Supp. 1073.

[h] (N. Y. 1906) Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, limits the right of the Municipal Court to amend a judgment to the exceptions

taken on the trial, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or law, and must be exercised within five days after rendition of the judgment; and Code Civ. Proc. § 724, made applicable to the Municipal Court by Municipal Court Act, Laws 1902, p. 1496, c. 580, § 20, only authorizes the amendment of the judgment in cases arising from mistake, inadvertence, surprise, or excusable neglect of the party seeking the relief. *Held* that, where judgment was erroneously entered for plaintiff, notwithstanding his failure to prove a cause of action in excess of a tender, the Municipal Court, after the expiration of five days, had no power to correct the error by amending the judgment, so as to make it a judgment in favor of defendant for costs.—Lackner v. American Clothing Co., 112 App. Div. 438, 98 N. Y. Supp. 376.

[hh] (N. Y. 1906) Under Code Civ. Proc. § 3057, providing for affidavits on appeal founded on error in fact not within the knowledge of the court, an appeal ·from a judgment of the Municipal Court of New York is the proper remedy, where defendant shows by affidavit that the summons was not served on it, and the affidavit of service fails to show a proper service.—Mears v. North American Brewing Co., 113 App. Div. 41, 98 N. Y. Supp. 1042.

[i] (N. Y. 1906) Under Municipal Court Act, Laws 1902, p. 1532, c. 580, § 138, declaring that in an action to foreclose a lien on a chattel, if plaintiff is not in possession, a warrant, commanding the marshal to seize the chattel and keep it to abide the judgment, may be issued in like manner as a warrant of attachment in an action founded on a contract, and that the provisions of law applicable to a warrant of attachment apply to a warrant so issued and to the proceedings to procure it, it is only necessary for the applicant for such a warrant of seizure to show by his moving papers that he is not in possession, and he need not show facts which would be required as the basis for an attachment.—Wuertz v. Braun, 113 App. Div. 459, 99 N. Y. Supp. 340.

[ii] ·(N. Y. 1906) Where there is conflicting evidence as to a question of fact on which plaintiff's right to recover depends, the court may not dismiss the case on the merits under Municipal Court Act, Laws 1902, p. 1561, c. 580, § 249, authorizing such dismissal where, at the close of the whole case, the court is of the opinion that plaintiff is *not entitled to recover as a matter of law.*—Bowen v. Farley, 113 App. Div. 767, 99 N. Y. Supp. 205.

[j] (N. Y. 1906) Under Laws 1898, p. 126, c. 66, amending section 115 of the city charter of Elmira, so as to provide that in the City Court judgment may be taken as upon defendant's admission on his failure to answer a complaint, verified as required in courts of record, Code Civ. Proc. § 525, providing that the verification must be made by the affidavit of a party, except where the party is not within the county where the attorney resides, and section 526, providing that where the verification is made by a person other than the party, the affidavit must show why it is not made by the party, a verification of a complaint by the attorney· for plaintiff in an action in the City Court of Elmira, stating as the reason that the party does not verify it that the attorney and party may reside in different counties, is insufficient to authorize a default judgment on defendant's failure to answer.—Boyce v. Dumars, 114 App. Div. 284, 99 N. Y. Supp. 769.

[jj] (N. Y. 1906) Municipal Court Act, Laws 1902, p. 1515, c. 580, § 78, authorizes substituted service when by "reasonable diligence" the defendant cannot be found, and section 83 (page 1517) provides for an attachment and the making of such substituted service at defendant's last place of residence. *Held* that, where defendant had lived in a certain house a short time prior to the date the marshal went there to serve him with the summons, and diligent inquiry by the marshal failed to disclose his whereabouts, and no person was found there on whom service could be made, substituted service was properly made by posting a copy of the papers on the outer door of such house.—Dixon v. Carrucci, 49 Misc. Rep. 222, 97 N. Y. Supp. 380.

[k] (N. Y. 1906) A return of substituted service, reciting that the marshal left a copy of the papers at "the last known place of residence of the defendant," was a substantial compliance with Municipal Court Act, Laws 1902, p. 1517, c. 580, § 83, authorizing substituted service by leaving a copy of the

papers "at the defendant's last place of residence."—Dixon v. Carrucci, 49 Misc. Rep. 222, 97 N. Y. Supp. 380.

[kk] (N. Y. 1906)   Under the express provisions of Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, the time within which a defendant who was not personally served, and who did not appear, was entitled to appeal from a judgment, against him by default, did not begin to run until he was personally served with written notice of the entry of the judgment.—Dixon v. Carrucci, 49 Misc. Rep. 222, 97 N. Y. Supp. 380.

[l] (N. Y. 1906)   A special appearance solely for the purpose of objecting to the jurisdiction of the court is not an "appearance," within Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, providing that, where personal service of summons has not been made, nor personal service of notice of entry of the judgment had, and the defendant has not appeared, he may appeal at any time within 20 days after personal service of notice of the entry of the judgment.—Dixon v. Carrucci, 49 Misc. Rep. 222, 97 N. Y. Supp. 380.

[ll] (N. Y. 1906)   Municipal Court Act, Laws 1902, p. 1537, c. 580, § 147, provides that, when defendant fails to appear and answer, plaintiff cannot recover without proving his case, except where the action is on a contract, and a copy of a verified complaint was served on defendant at the time of the service of the summons; and section 383 relating to substituted service contains no provision for the service of a complaint as is prescribed for the service of a summons. *Held* that, where substituted service only was had, it was error for the court to enter judgment against defendant by default without proof of plaintiff's claim.—Dixon v. Carrucci, 49 Misc. Rep. 222, 97 N. Y. Supp. 380.

[m] (N. Y. 1906)   Where judgment was rendered against defendants in the Municipal Court of the City of New York as default, and they claimed there had never been any service on them nor appearance in their behalf, their remedy was by appeal, under Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, providing that, where defendant appeals from a judgment rendered in the action, wherein he did not appear, and the summons was not personally served on him, the appeal must be taken within 20 days after personal service of written notice of the entry of judgment.—Diehl v. Steele, 49 Misc. Rep. 456, 97 N. Y. Supp. 1024.

[mm] (N. Y. 1906)   The Municipal Court of the City of New York has no authority to vacate a judgment for nonservice of summons where the defendant has not appeared.—Diehl v. Steele, 49 Misc. Rep. 456, 97 N. Y. Supp. 1024.

[n] (N. Y. 1906)   Where a judge of the City Court of New York took the default of the debtor in supplementary proceedings, he had jurisdiction to entertain a motion to open the default, and upon a denial of the motion hear a reargument, and nullify his previous determination by opening the default.—Morrison v. Stember, 49 Misc. Rep. 464, 98 N. Y. Supp. 850.

[nn] (N. Y. 1906)   Under Municipal Court Act, Laws 1902, p. 1536, c. 580, § 145, subd. 4, the allowance of an amendment is made obligatory when a written demurrer is sustained, and by analogy it is the duty of the court to allow an amendment upon the granting of a motion to dismiss for insufficiency of the complaint, which is, in effect, an oral demurrer.—Rogers v. Fine, 49 Misc. Rep. 633, 97 N. Y. Supp. 1004.

[o] (N. Y. 1906)   Although the Municipal Court act does in terms provide for a dismissal of a written complaint on the ground that it does not state a cause of action unless a written demurrer has been interposed, the power to so dismiss must be deemed to be inherent in the court.—Rogers v. Fine, 49 Misc. Rep. 633, 97 N. Y. Supp. 1004.

[oo] (N. Y. 1906)   Under Municipal Court Act, Laws 1902, pp. 1562, 1563, c. 580, §§ 253-257, enumerating the only orders appealable, and making no mention of orders in attachment proceedings, no appeal lies from an order denying a motion to vacate an attachment.—Maas v. Nankeville, 49 Misc. Rep. 637, 97 N. Y. Supp. 980.

[p] (N. Y. 1906)   The Municipal Court, having no equity jurisdiction, cannot, because of the applicant's ignorance of the language, hold invalid the clause waiving compensation in an application on which a city employé was granted a leave of absence.—Tepidino v. City of New York, 50 Misc Rep. 324, 98 N. Y. Supp. 693.

[pp] (N. Y. 1906)   Where an action is commenced by issuance of a summons which is never served, no jurisdiction is obtained by the issuance and service of an alias summons, without return being first made, as required by Municipal Court Act, Laws 1902, p. 1499, c. 580, § 30, by the marshal or other person having the original summons to serve, that the defendant could not be found.—Berkman v. Weisinger, 50 Misc. Rep. 515, 99 N. Y. Supp. 466.

[q] (N. Y. 1906)   The order of a justice made on return day, denying the motion to dismiss because no jurisdiction was obtained by the alias summons, not being appealable under Municipal Court Act, Laws 1902, pp. 1562, 1563, c. 580, §§ 253–255, the motion may be renewed at the trial before another justice; his action in granting the motion not being a review of another justice's order.—Berkman v. Weisinger, 50 Misc. Rep. 515, 99 N. Y. Supp. 466.

[qq] (N. Y. 1906)   Where the papers on which an order allowing substituted service was granted were not filed within six days after the return date of the summons, as required by Municipal Court Act, Laws 1902, p. 1501, c. 580, § 34, the order was inoperative.—Stephens v. Molloy, 50 Misc. Rep. 518, 99 N. Y. Supp. 385.