In the Matter of the Application of MERRITT F. SMITH, Respondent, to Dispossess SAMUEL NORTON and MABEL W. NORTON, Appellants, from Real Property Located in the City of Hornell, Steuben County, New York.

Fourth Department, December 22, 1922.

Summary proceedings to dispossess — proceeding should be dismissed where there is no proof of service of precept — general appearance and answer by defendants did not waive objection — evidence given at trial did not show service of precept — due service of precept on third person under Civil Practice Act, § 1421, subd. 2, is not shown where there is no proof of absence of person to whom it was directed.

Summary proceedings to dispossess should be dismissed on the motion of the defendants, where it appears that the affidavit of the constable did not show that he served the precept but merely stated that he served the petition upon the defendants.

The general appearance and answer by the defendants after they had appeared specially on the motion to dismiss the proceedings, did not waive the objection, for in this statutory proceeding all provisions of the statute must be strictly followed to give the court jurisdiction.

Furthermore, the evidence on the trial did not show due service of the precept, for it appeared merely by the testimony of one of the defendants that she was not served personally with the precept and petition, and that she first saw the papers when her husband brought them to their apartment and stated that they had been left with him by the constable; this did not show that she was absent from her dwelling house when service was attempted, and, therefore, subdivision 2 of section 1421 of the Civil Practice Act is not applicable.

APPEAL by Samuel Norton and another from a final order in a summary proceeding made by the county judge of the county of Steuben and entered in the office of the clerk of the county of Steuben on the 7th day of June, 1922, awarding the petitioner possession of the real property described in the petition.

*Francis M. Cameron,* for the appellants.

*John W. Hollis,* for the respondent.

SEARS, J.:

This is a summary proceeding brought by the landlord for the dispossession of the defendants from certain premises. The defendants appeared specially upon the return day mentioned in the precept and moved to dismiss the proceeding on the ground that there was no proper return of service. The motion was denied. The defendants then answered, after putting on the record a reservation that no rights were waived under the motion referred to. The proceeding was thereupon tried and resulted in a final order in favor of the petitioner from which the defendants have appealed.

The defendants' motion to dismiss should have been granted. This is a statutory proceeding and all provisions of the statute must be strictly followed to give the court jurisdiction. (*Beach v. McGovern*, 41 App. Div. 381.)

On the return day the petitioner to establish service presented no proof other than the affidavit of W. C. Rowley, a constable, who stated merely that he had served the petition upon each of the defendants by delivering to and leaving with each of them personally a copy of the same. No mention whatever was made of the precept in his affidavit and yet the precept is the process by which such a defendant is brought into court. If served personally, service must be made not only by delivering a copy of the petition and precept to the defendant but by showing the original precept. (Civ. Prac. Act, § 1421.) Under certain conditions the precept may be served by leaving a copy at the defendant's dwelling house, but the specified condition must then be shown to have existed. (Civ. Prac. Act, § 1421, subd. 2.) Further, due proof of service showing the time, the place and the manner of service must be made by the petitioner at the time when the precept is returnable. (Civ. Prac. Act, § 1424.) As there was a total absence of proof of the service of the precept in any manner whatever, the motion should have been granted.

The later general appearance and answer by the defendants did not waive this objection. (*Jones v. Jones*, 36 Hun, 414; affd., 108 N. Y. 415; *Boynton v. Keeseville Electric Light & Power Co.*, 5 Misc. Rep. 118; affd., 78 Hun, 609; *Stephens v. Molloy*, 50 Misc. Rep. 518.)

Even if the evidence given at the trial should be taken into consideration, there is still a failure to show due service of the precept. The only testimony on the subject is from the defendant Mabel W. Norton, who said that the precept and petition were not served upon her personally; that she did not see the constable at the door or know anything about his being at her dwelling house,

but that her husband brought the papers upstairs to her and said they had been left with him by the constable. This did not establish that she was absent from her dwelling house when the constable came to serve the papers, and consequently the 2d subdivision of section 1421 of the Civil Practice Act is not shown to have been applicable.

As to the defendant Samuel Norton, except for the testimony mentioned, there is no proof at all in respect to service of the precept upon him. As it does not appear that the original precept was shown to him there was no proper personal service and there is not even a suggestion of service in any other way.

The order appealed from should be reversed and the petition dismissed, with costs.

All concur.

Order reversed and petition dismissed, with costs.