PEOPLE ex rel. HELFER v. WELLS, Municipal Court Justice.

(Supreme Court, Special Term, New York County. December 16, 1908.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT JUDGMENT—STATUTES.
　　Under Municipal Court Act (Laws 1902, p. 1537, c. 580) § 147, providing that, where defendant fails to appear and answer, plaintiff cannot recover without proving his case, except in a case specified under Code Civ. Proc. § 3406, relating to the foreclosure of a mechanic's lien, and excepting that, where the action is on a contract and a copy of the verified com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaint has been served on defendant, etc., judgment may be taken without further proof, a Municipal Court justice is justified in requiring plaintiff to prove his case, unless his action is to foreclose a mechanic's lien, or is on contract, and a copy of the verified complaint was served.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT JUDGMENT—STATUTES.

To take advantage of Municipal Court Act (Laws 1902, p. 1537, c. 580) § 148, providing that defendant may file with the court a written offer to allow judgment to be taken against him for a specified sum, it is necessary that the offer of judgment should be filed with the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Mandamus by the People of the State of New York, on the relation of Henry W. Helfer, against Frederick De Witt Wells, a justice of the Municipal Court of the City of New York, to compel the justice to enter a judgment by default. Denied.

Henry William Helfer, in pro. per.

Anderson, Pendleton & Anderson (Ellery O. Anderson, of counsel), for defendant.

SEABURY, J. This is an application for a peremptory writ of mandamus directing a justice of the Municipal Court to enter a judgment by default in favor of the plaintiff in the action of Chavet et al. v. Duryea. The facts are undisputed. The verified complaint, with the summons, was served pursuant to an order which provided for substituted service of the summons. Upon the return day, November 18, 1908, the defendant not appearing, the case was marked for inquest and adjourned to November 25, 1908, and on that date was again adjourned to November 27, 1908. On the adjourned date the attorney for the plaintiff presented proof of service and stated that he had in his possession a stipulation, signed by the attorneys for the defendant, consenting to an adjournment until November 25, 1908, which he claimed was a notice of appearance. The attorney for the plaintiff also claimed that he had in his possession a stipulation, signed by the attorneys for the defendant, consenting to the entry of judgment against the defendant. Neither of these stipulations was filed with the court. The justice refused to enter judgment unless the plaintiff made proof of his claim.

The order for substituted service was made pursuant to section 32 of the Municipal Court act (Laws 1902, p. 1500, c. 580). Section 147 of the Municipal Court act provides as follows:

"If a defendant fails to appear and answer, the plaintiff cannot recover without proving his case, except in a case specified in section 3406 of the Code of Civil Procedure, and excepting that where the action is on a contract, express or implied, and a copy of a verified complaint was served on defendant at the time of the service of the summons, judgment may be taken as demanded without further proof."

Section 3406 of the Code of Civil Procedure relates to proceedings to be taken on return of a summons in an action to foreclose a mechanic's lien. Under section 147 of the Municipal Court act the plain-

tiff could not recover judgment "without proving his case," unless the action was to foreclose a mechanic's lien, or was founded upon contract, and a copy of a verified complaint was served. The papers now before the court do not disclose whether the action pending in the Municipal Court was to foreclose a mechanic's lien or upon contract. Under these circumstances the court cannot assume that the action was to foreclose a mechanic's lien or upon contract. Unless the action was within one of the two classes of cases specified in section 147 of the Municipal Court act, the Municipal Court justice was clearly justified in requiring the plaintiff to prove his case. Dixon v. Carrucci, 49 Misc. Rep. 222, 97 N. Y. Supp. 380.

The relator claims that, in view of the two stipulations referred to above, which were in his possession and to which he called the attention of the justice, judgment should have been entered in favor of his client under section 148 of the Municipal Court act. This section provides that:

"The defendant may, upon the return of the summons and before answering, file with the court a written offer to allow judgment to be taken against him for a sum of money or for property therein specified with costs."

It will be observed that, in order to take advantage of this section, it was necessary that the offer of judgment should be filed with the court. If the view most favorable to the relator is adopted, and the stipulations are deemed to be equivalent to "a written offer to allow judgment," it is nevertheless clear that judgment could not have been entered, in view of the fact that the offer was not filed with the court.

The application for a writ of mandamus is denied, with $10 costs. Settle order on notice.