Per Curiam.

The question is, whether the evidence offered was admissible, in mitigation of damages. Every consideration of justice seems to be in favour of admitting the evidence offered, if it can be done without violating any principles of law; for it is very evident, from the testimony, that it was a mere mistake in the officer, he having served the summons on James Ferguson, Supposing him to have been the right person. The plaintiff is, undoubtedly, entitled to recover all the actual damages he. has sustained, but ought not to recover more, when the officer acted in good faith. No rule of law would have been violated in admitting the evidence offered. It was, in fact, directly meeting and answering one of the averments in the plaintiff’s declaration. The plaintiff alleges, that he w'as, by the false return, prevented from making any defence before the *393 said justice, when, in truth, and in fact, he had a good and substantial defence on the merits in the said suit. In this action the plaintiff's claim is founded upon the justice and conscience of his case. And, therefore, whatever will, in justice and conscience, according to the circumstances of the case, mitigate or bar the claim, ought to be received in evidence. If the plaintiff sought to recover more than his actual damages, this would clearly have been good evidence. The plaintiff, under the general issue, was bound to prove the whole charge in the declaration. (1 Chitty. 486.) The evidence was, at all events, admissible in mitigation of damages, and the judgment must be reversed.
Judgment reversed.