Ewing, C. J.
The state of demand in this case makes no mention of the time when the services were rendered, for which the plaintiff claims to recover compensation.
In the case, of Sims v. Smith, 1 South. 92, the state of demand, because it contained no date, was deemed, insufficient, and the judgment was reversed. The same principle is recognized in the cases of Longstreet v. Taylor, Penn. 267; Leary v. Vandyke, Ibid 370; Seeley v. Foster, Ibid 407; and Ramsay v. Evans, Ibid 640. In Lippincott v Smith, 1 South. 95, the time of the irespass for which the action was brought was set forth in the state of demand to have been e< about in the month of September, 1314;” a majority of the .court thought this charge sufficiently specific in trespass. Justice Southard was of opinion the allegation was too uncertain, even in trespass, and afforded sufficient ground for reversal. In Timmerman v. Morrison, 14 John. 389, on certiorari, a declaration in assumpsit in a justice’s court was held bad, for not stating any time. Comyns, tit. pleader, c. 19, says, the time of a matter charged in the declaration ought to be certainly alleged, and therefore if in assumpsit, the plaintiff omits the day when the promise was made, it is bad.
The cases cited by the counsel of the defendant, in certiorari, avail nothing. In Montgomery v. Snowhill, Penn. 361, the want of time, was not urged, nor indeed from what appears on the state of demand, could such an objection have been well made, in point of fact. In the cases reported in Penn. 461, 466, 654, 712, this point was not raised nor decided. In some of them there were dates ; in none was any notice taken of the defect; and in general these cases only prove the rule that mere technical formality is not required in a state of demand.
Let the judgment be reversed.