Silas A. Comstock, Administrator, *vs.* Willard Holbrook.

A judgment of the circuit court of the United States in a district without this commonwealth, upon a writ of *scire facias* sued out upon its own judgment in an action in which the defendant, a citizen of this commonwealth, was served with process in that district and appeared, is valid, and will support an action in this commonwealth, if the defendant had actual and reasonable notice of the writ of *scire facias*, although the only evidence returned to that court of such notice was an affidavit of service thereof on him in this commonwealth.

Action of contract by the administrator of the estate of Silas Comstock, late of Burrillville in the state of Rhode Island, against Willard Holbrook, of Uxbridge in this county, upon a judgment rendered by the circuit court of the United States for the district of Rhode Island at November term 1859. In 1840 Silas Comstock recovered judgment in that court against the defendant, who had been duly served with process in Rhode Island, and appeared, in an action of debt upon a bond executed by the defendant to secure the payment by him to his wife, upon a mutual agreement between them to live apart, of such sum by way of allowance as should be awarded by certain arbitrators. See *Holbrook* v. *Comstock, ante,* 109. Upon that judgment execution issued for the amounts then due, which was returned satisfied; and in 1859 a writ of *scire facias* was sued out upon that judgment, for the instalments of said allowance, which had become due since 1840. The

only return of service of the writ of *scire facias* on the defendant, or of notice to him of its pendency, was an affidavit of the marshal of that court that he had read the writ in the presence and hearing of the defendant, and delivered to him a true and attested copy of it, at his place of abode in Uxbridge. Judgment was given for the plaintiff upon the *scire facias*, and upon this judgment the present action was brought. The defendant contended that the judgment or award of damages on the *scire facias* was invalid for want of due notice to him; and that question was submitted to the decision of this court upon the case above stated.

*P. C. Bacon*, for the plaintiff. The circuit court of the United States in Rhode Island had jurisdiction of the original suit in which the defendant was served with process and appeared; and the *scire facias* upon its judgment therein might be served on the defendant in Massachusetts. U. S. St. 1789, c. 20, §§ 11, 12, 14. *Adams* v. *Rowe*, 2 Fairf. 89. 6 Dane Ab. 463. *Battey* v. *Holbrook*, 11 Gray, 212. The circuit court therefore having jurisdiction of the cause and the parties, the judgment sued on is not void, but valid and binding until reversed. *Carleton* v. *Bickford*, 13 Gray, 591. *Lane* v. *Bommelman*, 17 Ill. 95. *Walker* v. *Rogan*, 1 Wisc. 597. *Price* v. *Ward*, 1 Dutcher, 225. *Sheldon* v. *Newton*, 3 Ohio State R. 494. *Cole* v. *Conolly*, 16 Alab. 271. *Draper* v. *Bryson*, 17 Missouri, 71. It is not clear that there was any mode of service known to the common law in such a case as this, where the defendant never was an inhabitant of the realm, or that a return of *nihil* was necessary. 2 Tidd Pract. 1092. If there was, the circuit court was not bound to adopt it, but could adopt some other mode. It did adopt and accept one calculated to give, and which had given, the defendant actual notice.

*D. Foster & G. W. Baldwin*, for the defendant. *Scire facias* is a civil action to which the defendant may plead, and he is therefore entitled to due notice. Co. Lit. 290, 294. Bac. Ab. Scire Facias, A. *Commonwealth* v. *Stebbins*, 4 Gray, 26. *Morton* v. *Morton*, 4 Cush. 27. *Rice* v. *Talmadge*, 20 Verm. 378. By the common law practice, where the defendant in *scire*

*facias* could not be found, and there was a return of *nihil* on the writ, a second *scire facias* issued and a second return of *nihil* upon it was made. 2 Tidd Pract. 1038. The same practice prevails in many courts in this country. *Dunlevy* v. *Ross*, Wright, 287. *Woodfork* v. *Bromfield*, 1 Murph. 187. *Kearns* v. *State*, 3 Blackf. 334. *Cumming* v. *Eden*, 1 Cow. 70. *M'Rae* v. *Mattoon*, 13 Pick. 53. *Kennedy* v. *People*, 15 Ill. 418. *Perkins* v. *Hume*, 10 Tex. 50. *Draper* v. *Bryson*, 17 Missouri, 71. *Knight* v. *Bunker*, 7 Ohio State R. 77. The return in this case is not equivalent to a return of *nihil;* that is to say, it does not show that the writ could not have been served upon the defendant in person within the district of Rhode Island. The circuit court passed no order for service out of that district. No process of the circuit court, in the absence of positive legislation, can be served out of its district; and no law of Rhode Island can give jurisdiction to a court of the United States. U. S. Sts. 1789, *c.* 20, § 11; 1797, *c.* 20, § 6; 1826, *c.* 124. Conkl. Pract. 91. *Ex parte Graham*, 3 Wash. C. C. 456. *Picquet* v. *Swan*, 5 Mason, 41. *Toland* v. *Sprague*, 12 Pet. 329. Such service, if ordered, would be treated as a nullity by the courts of another jurisdiction. *Ewer* v. *Coffin*, 1 Cush. 23. *Fenton* v. *Garlick*, 8 Johns. 194. If any service made in Massachusetts could be justified, it should have been made by the marshal for this district. U. S. St. 1789, *c.* 20, § 27.

METCALF, J. The judgment of the circuit court of the United States, on which this action is brought, must be regarded as valid. That court had jurisdiction of the cause and of the parties, in the original action against the defendant, and had authority, by the laws of congress, to issue a writ of *scire facias* on the judgment in that action. The *scire facias* was not a new action, but a continuation of the old one. *Wright* v. *Nutt*, 1 T. R. 389. It was indeed necessary that notice thereof should be given to the defendant before judgment thereon could legally be rendered. But, as the law prescribed no form of notice to a defendant out of the district where the court was held, it was for the court to cause such notice to be given to him as should

be reasonable and enable him to appear and defend his rights. The notice given to the defendant was actual, personal and seasonable, and though it was not in any form which had been ordered by the court, and was not proved by a return of an officer of the court, as such officer, but by his affidavit, yet it was adopted by the court as sufficient; and the judgment thereafter rendered must be deemed valid, and this action thereon be sustained. The circuit court could not be ousted of its jurisdiction by the absence of the defendant from the district in which the action was pending; and service of notice by any one, whose affidavit the court believed to be true, would have been as legal and effectual as that which was unofficially given by the marshal. *Judgment for the plaintiff.*