## MANN v. MERYASH.

(Supreme Court, Appellate Term. December 12, 1907.)

**1. COURTS—NEW YORK CITY MUNICIPAL COURT—VACATION OF JUDGMENT TO PERMIT TRAVERSE OF RETURN OF SERVICE.**

In the Municipal Court of the city of New York, a judgment cannot be vacated to permit a traverse of the return of service of summons.

**2. SAME—VACATION OF JUDGMENT—NONSERVICE OF SUMMONS—STATUTORY PROVISIONS.**

Prior to the amendment of New York City Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, by Laws 1907, p. 554, c. 304, no authority was given the Municipal Court to vacate or set aside a judgment for nonservice of summons, and the only remedy therefor was by appeal from the judgment, and serving and submitting affidavits that no service was made, which affidavits the plaintiff had the right to controvert.

**3. SAME—OPENING DEFAULT AND SETTING FOR TRIAL—REQUISITES OF APPLICATION.**

Where a defendant moves to vacate a judgment that he may traverse the return of service, but does not ask that the default be opened, and submits no proposed answer or affidavit of merits, nor declares that he has a defense, it is not an application for relief under New York City Municipal Court Act, Laws 1902, p. 1562, c. 580, as amended by Laws 1907, p. 554, c. 304, § 253, permitting a default to be opened upon motion and the case set down for trial, and the motion is properly denied.

**4. SAME—APPEAL—DECISIONS REVIEWABLE—REFUSAL TO VACATE JUDGMENT.**

Under the circumstances, an appeal did not lie from the order of the Municipal Court denying such motion.

**5. SAME—REVIEW—ADDITIONAL PROOFS—MEETING AFFIDAVITS NOT SERVED.**

Where affidavits that summons was not served on defendant, forming part of the return on appeal from a judgment of the Municipal Court against him, have not been served on plaintiff's attorney, and no notice was given him that defendant intended to rely on them on the appeal, an opportunity to controvert them should be given to plaintiff on appeal, if necessary.

6. PROCESS—SERVICE—RETURN—IMPEACHMENT—EVIDENCE—ADMISSIBILITY.

     An affidavit of defendant's wife that she was served with summons in a certain action has no bearing on the question whether defendant was properly served therein.

7. SAME—SUFFICIENCY OF AFFIDAVIT.

     An affidavit of a defendant that "he was never served with a summons and complaint in the action" is a mere conclusion, insufficient to overcome the sworn statement of the person who claims to have made the· service, giving with exactness and particularity the time, place, and manner of service, and stating explicitly that the summons and complaint were delivered to and left with defendant personally.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 204.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Samuel Mann against Louis Meryash. From a judgment for plaintiff, and an order denying a motion to vacate the judgment and permit a traverse of the return of summons, defendant appeals. Appeal from the order dismissed. Judgment affirmed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Henry H. Silver, for appellant.

Joseph Gans, for respondent.

BRUCE, J. In this case the defendant appeared specially upon the return day of the summons, and filed no answer, but handed up an affidavit, verified by the wife of the defendant, in which she testified, in substance, that she had been served with a copy of the summons in this action. The court thereupon informed the defendant's representative that an affidavit of the defendant himself, showing that no service had ever been made upon him, should also be filed, as forming the basis for a dismissal of the action, and the court gave the defendant until 12 o'clock of that day in which to file an affidavit. No such affidavit was filed, and judgment was rendered against the defendant. The defendant then obtained an order to show cause why his default should not be opened and he be allowed "to traverse the return." This motion was denied, and the defendant appeals from the judgment and from the order denying his motion.

It is difficult to see just what the appellant intends to bring up for review upon this appeal. His motion in the lower court was that the judgment be vacated solely for the purpose of "traversing the return." No such practice exists in the Municipal Court. Prior to the amendment to section 253, Municipal Court Act, Laws 1902, p. 1562, c. 580 (chapter 304, p. 554, Laws, 1907), taking effect September 1, 1907, which amendment is not applicable to this case, there was no authority given to the Municipal Court to vacate or set aside a judgment for nonservice of a summons. Diehl v. Steele, 49 Misc. Rep. 456, 97 N. Y. Supp. 1024. The only remedy for a person who claimed that no process has been served upon him was by an appeal from the judgment, and, upon such appeal, serving and submitting affidavits showing that no service was ever made upon·him, the allegations in such affidavits, the plaintiff in the action having the right to controvert.· Austen v. Columbia Lubricants Co. (Sup.) 85 N. Y. Supp. 362. It is clear that the defendant did not intend that relief should be granted

him under section 253 of the Municipal Court act, as he did not ask that the default be opened and the case set down for trial, and he submitted no proposed answer, no affidavit of merits, and did not even declare that he had any defense, to the cause of action set up in the complaint. The court was clearly right in denying the motion, and no appeal will lie from the order made under such circumstances. Bevins & Rogers, App. Term Practice, 61, and cases there cited. The appeal from the order must therefore be dismissed.

For the purpose of disposing of the appeal from the judgment, we may consider it as having been taken under the provisions of section 311 of the Municipal Court act, and we may regard the affidavits submitted by the defendant in the court below, inasmuch as they form part of the return herein, as being the proof relied upon by him, on this appeal, to show nonservice of the summons. As such affidavits were never served upon the plaintiff's attorney, and no notice was given him that the defendant intended to rely upon them in this court, an opportunity to controvert the allegations contained therein would be given him if it was deemed necessary. Taking into consideration all the affidavits used, bearing upon the question of the service of the process, we are satisfied that the judgment should be affirmed. The affidavit of the defendant's wife has no real bearing upon the issue. That of the defendant is merely the bald statement that "he has never been served with a summons and complaint in this action." This is a mere conclusion, and gives no facts whatever. Opposed to this is the sworn statement of the person who claims to have made the service, giving with exactness and particularity the time, the place, and the manner of the service, stating explicitly and with positiveness that the summons and complaint was personally delivered to and left with this defendant and not with his wife, as testified to by her. These statements are not denied by the defendant in his affidavit. The judgment must therefore be affirmed. The defendant still has his remedy to move in the court below to open his default. Appeal from order dismissed.

Judgment affirmed, with costs. All concur.