GRACE W. PARKS, Plaintiff, *v.* HOWARD G. WELSCH, Defendant.

Supreme Court, Special Term, Kings County, June 5, 1950.

*Allan D. Emil* for defendant appearing specially.

*Emil Morosini, Jr.,* for plaintiff.

POWERS, J. Defendant, appearing specially, moves to vacate service purportedly made upon him of the summons and complaint in this action to revive a judgment.

It appears from the opposing papers that such service was attempted to be had by mailing a copy of the summons and complaint to the Sheriff of Los Angeles County, California, of which State and county the judgment debtor concededly is now a resident. Such sheriff's office, thereafter, delivered them to defendant personally on May 12, 1950.

The judgment debtor objects that the purported service is void because it was " not made in conformity with the provisions of the Civil Practice Act, and on the ground that the defendant was not a resident of the State of New York prior to and at the time the said summons was served, and upon the ground that said summons and complaint were not served pursuant to any order of this Court ".

That the judgment debtor is in fact a nonresident of this State, plaintiff, as pointed out, does not question. Plaintiff's stated position is " that inasmuch as the within action is a common law action to revive a judgment, that service of process may be made upon a non-resident personally without the State of New York ".

Conceding that the revivor action is to be regarded as merely a continuation of the earlier action in which the judgment was recovered (see annotation, 144 A. L. R. 403 and cases cited) and that it is within the power of the State, wherein such judgment was procured on personal jurisdiction of the defendant validly acquired, to prescribe methods of constructive or substituted service which will be binding upon him in a revivor action, even though he has removed from the State, it still is incumbent upon the party seeking to effect the service to show compliance with one of the methods of substituted service which the statutes of such State permit.

This, in my opinion, plaintiff has not done. It does not appear that the attempted service herein was made pursuant to any court order. The action does not fall within any category specified in section 235 of the Civil Practice Act in which personal service without the State is permissible without a court order; nor is the judgment debtor " a defendant domiciled in the State." (See, also, 2 Carmody on New York Practice, §§ 666 *et seq.*, pp. 1200, 1295 *et seq.*)

Cases relied upon by plaintiff rest upon service validly effected pursuant to statute or court order.

The motion to vacate, accordingly, is granted, but without prejudice to plaintiff's right to take such other and further steps as may be available to her to procure effective service upon the defendant in this action.