PIERCE BUTLER RADIATOR CORP., Respondent, *v.* PAUL OSDER,
Appellant.

First Department, April 21, 1953.

*Gerald E. Maslon* of counsel (*Joseph Maslon,* attorney), for appellant.

*Sol S. Perlow* for respondent.

*Per Curiam.* Concededly the judgment debtor is a nonresident of this State. Though a revivor action such as this is clearly authorized by statute (Civ. Prac. Act, § 484), it is still incumbent upon the party seeking to effect the service of process to show compliance with one of the methods of substituted service which the statutes of the State permit (*Importers & Traders' Nat. Bank* v. *Quackenbush,* 143 N. Y. 567, 571; 144 A. L. R. 403, *et seq.; Parks* v. *Welsch,* 198 Misc. 469).

The attempted service herein was not made pursuant to any court order. The statute specifically provides for cases in which personal service may be made out of the State without a court order (Civ. Prac. Act, § 235). However, this type of action is not one enumerated in which personal service without the State is permissible without a court order, nor is the judgment debtor domiciled in the State. Jurisdiction of defendant was not obtained.

The order should be reversed and the complaint should be dismissed for lack of jurisdiction over the person of defendant.

VAN VOORHIS, J. (dissenting). The personal service without the State of a summons and complaint in an action to revive a judgment (*scire facias*), is being vacated upon the ground that the Civil Practice Act contains no authorization for such service. Admittedly, jurisdiction was obtained over defendant in New York State in the original action. Our courts had jurisdiction over his person in rendering the judgment upon which this suit is brought. Defendant was then a resident of this State, but for the past eighteen months has resided in Florida. He can no longer be served here personally. The twenty years of life of the judgment against him has now expired except for this action, and had nearly ended when he was served in Florida (Civ. Prac. Act, § 44).

Actions upon judgments are, in the eyes of the law, merely proceedings taken in the actions resulting in the judgments, so that the constitutional problems of *Pennoyer* v. *Neff* (95 U. S. 714) are not confronted. The situation is similar to that which would obtain if a defendant, in any action, were to depart from the State after jurisdiction had been obtained over his person. Even if he had appeared in the action, subsequent proceedings could be taken against him pursuant to such reasonable notice as the court might direct, without any statute prescribing the exact procedure. An action, duly pending in our courts, is not to be frustrated because the defendant has left the jurisdiction.

The sections of the Civil Practice Act on service by publication, or personally without the State, were drafted with *Pennoyer* v. *Neff* in mind, but without manifesting an intention to render impossible suits upon judgments under the present circumstances, for which there is no constitutional necessity. Section 483, immediately preceding the section relating to actions upon judgments, states: " A judgment shall be conclusive upon a defendant on whom the summons is personally served without the state, with respect to the property which is

the subject of the action or which is attached therein, to the same extent as if the service upon him were made within the state." Section 235 expressly authorizes personal service without the State upon a defendant " in any case specified in section two hundred thirty-two ". Section 232 includes, in subdivision 2, actions where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the State, " or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property." A judgment is personal property, subject to levy and sale on execution (*Stevenson* v. *Stevenson,* 34 Hun 157); it has a situs in the State of residence of its owner, the judgment creditor, like many other kinds of personal property (*Matter of Bronson,* 150 N. Y. 1, 5, 8; *Matter of Fearing,* 200 N. Y. 340, 344-345). This is an action to define and enforce the judgment, within the scope of subdivision 2 of section 232 of the Civil Practice Act. It is a type of action that was treated as being in rem in *Bank of Edwardsville* v. *Raffaele* (381 Ill. 486).

Regardless of whether this case falls within these sections of the Civil Practice Act, the Supreme Court has power to determine the manner of giving notice to the defendant, over whose person jurisdiction had been obtained when the judgment was entered. The Eighth Circuit Court of Appeals did this in *Collin County Nat. Bank* v. *Hughes* (155 F. 389, 392) quoting from *Comstock* v. *Holbrook* (82 Mass. 111, 113) as follows: " The scire facias was not a new action, but a continuation of the old one. Wright v. Nutt, 1 T. R. 389. It was indeed necessary that notice thereof should be given to the defendant before judgment thereon could legally be rendered. But, as the law prescribed no form of notice to a defendant out of the district where the court was held, it was for the court to cause such notice to be given as should be reasonable and enable him to appear and defend his rights. The notice given to the defendant was actual, personal, and seasonable, and though it was not in any form which had been ordered by the court, and was not proved by a return of an officer of the court, as such officer, but by his affidavit, yet it was adopted by the court as sufficient; and the judgment thereafter rendered must be deemed valid, and this action thereon be sustained. The Circuit Court could not be ousted of its jurisdiction by the absence of the defendant from the district in which the action was pending."

As in the Massachusetts case cited, the present summons and complaint were served without previous order of the court, but, inasmuch as the notice given thereby to the defendant was " actual, personal and seasonable," it may now be " adopted by the court as sufficient ".

An extended discussion of this subject is found in the annotation to *Bank of Edwardsville* v. *Raffaele* (381 Ill. 486) which appears at 144 A. L. R. 401, *et seq.* Although in form a new action, this is merely a continuation of the previous action, which is not to be obstructed merely for the reason that defendant has left the State. (See 2 Freeman on Judgments [5th ed.], § 1099, and *Waldstein* v. *Williams*, 101 Ark. 404.)

The order appealed from should be affirmed, with costs.

DORE, J. P., COHN and BREITEL, JJ., concur in *Per Curiam* opinion; VAN VOORHIS, J., dissents and votes to affirm in opinion, in which CALLAHAN, J., concurs.

Order reversed, with $20 costs and disbursements to the appellant and the motion granted.