Ivan Warner, J.
Petitioners, process serving agencies, seek an order in this article 78 proceeding declaring that respondents, the City of New York and its Commissioner of Consumer Affairs are exceeding their authority by requiring petitioners to apply for licenses as process servers pursuant to the newly enacted article 43 of chapter 32 of the Administrative Code of the City of New York (Local Laws, 1969, No. 80 of City of New York).
Upon the call of the calendar at Special Term, leave to intervene as petitioners was granted by the court to an additional process serving association.
The petitioners contend that they do not come within the purview of the newly enacted statute by virtue of the fact that they *34 are not actually process servers. Section B32-450.0 provides that ‘ ‘ it shall he unlawful for any person to be employed as or perform the services of process server without a license therefor.” In subdivision a of section B32-451.0, a process server is defined as ” a person engaged in the business of serving or one who purports to serve or one who serves personally or by substitute service upon any person, corporation, governmental or political subdivision or agency, a summons, subpoena, notice, citation or other process, directing an appearance or response to a legal action, legal proceeding or administrative proceedings.” From the foregoing definition, it is readily apparent that the City Council in enacting the new law intended to embrace within the orbit thereof not only those persons actually and regularly serving process, but also those engaged in the business of serving process. Had they intended otherwise, the members of the Council would unquestionably have limited their definition of a process server to one actually serving process.
Petitioners further urge that the new statute is in conflict with the Federal Rules of Civil Procedure and the CPLR. Subdivision (c) of rule 45 of the Federal Rules of Civil Procedure provides, in part, that a subpoena may be served by the marshal, by his deputy or by any other person who is not a party and is not less than eighteen years of age. CPLR 2103 (subd. [a]) provides that “ Except where otherwise prescribed by law or order of court, papers may be served by any person not a party of the age of eighteen years or over.” With respect to this latter provision, petitioners urge that since section 1 of article VI of the New York State Constitution provides for a unified State court system, any local law conflicting with the State law must be declared void.
While a State-wide law would undoubtedly make for more uniformity, the fact remains that there is no conflict between CPLR 2103 (subd. [a]) and section B32-450.0 of the Administrative Code of the City of New York. Rather, the local law is complementary to the former. The court finds no pre-emption by the State barring the enactment of the local law. The local law, enacted in the public interest, gives a salutary stance to CPLR 2103 (subd. [a]), and is not in contravention thereof.
In enacting the statute, herein under attack, the 'City Council was motivated by what it deemed a desire to combat the systematic and widespread abuses so prevalent in the field of process serving. The hypertechnical, hairsplitting arguments advanced herein by the petitioners, while of some import as a possible defense to a criminal prosecution for noncompliance *35 with the statute, are, nevertheless, clearly insufficient to defeat or thwart the legislative intent in enacting the new local law. The motion is denied, the interim stay is vacated and the petitions are dismissed.