Memorandum. Judgment unanimously reversed, with $10 costs to defendant, and new trial ordered.
A sheriff is liable to the one he serves for negligently making out a false return of service (Green v. Ferguson, 14 Johns. 389 [1817]). In our view, a professional process server should be held to substantially the same liability imposed upon sheriffs. By signing an affidavit of personal service without reading it, when in fact service had been made by “ nail and mail ”, defendant breached the duty he owed to plaintiff, the defendant in the prior proceeding. The resulting default judgment in that proceeding was vacated without deciding whether jurisdiction was ever obtained over the plaintiff’s person. Since in personam , jurisdiction may be acquired by the use of substituted service when due and diligent efforts at personal service have met with failure (see 1405 Realty Corp. v. Napier, 68 Misc 2d 793), a new trial is required to determine whether the process server’s attempts constituted “ due diligence” in satisfaction of the requirements of CPLR 308 (subd. 4).
Concur — Hogan, P. J., Pittoni and McCullough, JJ.