Charles H. Cohen, J.
This is a “ hearing on the traverse ’ ’ pursuant to a court order involving the determination of the validity of the service of process. Whether or not the judgment entered against defendant after inquest should be vacated, depends upon this determination since, if service was invalid, the court would not have personal jurisdiction over the defendant.
If the court does not have such jurisdiction, then it is not necessary, as plaintiff argues, for the defendant to show that she has a meritorious defense. CPLR 317, relied upon by plaintiff in support of this argument, requires the showing of a meritorious defense where a person who seeks to defend an action “ did not personally receive notice of the summons in time to defend ”, but it applies to a situation where the person in fact *920 was “ served ” so that the court has jurisdiction over him. (See Dobkin v. Chapman, 21 N Y 2d 490, 502-506.) The instant caséis concerned with the question as to whether there is proof that defendant was served. Only upon a determination that defendant was served, would a showing of a meritorious defense be necessary upon an application to vacate the judgment or for the leave to defend.
The only witnesses who testified were plaintiff’s attorney and defendant, the latter having been called as a witness on behalf of plaintiff which then proceeded to attack her credibility. (See Kelly v. Wasserman, 5 N Y 2d 425, 428.) Plaintiff’s attorney had no personal knowledge of the service, although he offered in evidence the affidavit of service of the process server from the court file. This affidavit contains a statement by the process server indicating service of a summons and complaint upon defendant apparently in accordance with CPLR 308 (subd. 4). Defendant admitted residing at the address in question at the time of service as set forth in the affidavit, but denied receiving a copy of the summons and complaint in the mail and denied seeing a copy thereof posted on her door as alleged in the affidavit. The court observes that whether defendant actually received copies of the summons and complaint is not determinative of the issue before the court; it must be determined\whether process was served upon defendant in accordance with CPLR 308 (subd. 4) thus giving the court jurisdiction over the defendant. (Dobkin v. Chapman, 21 N Y 2d 490, 502-506, supra).
The only evidence presented indicating that process was served on defendant was the affidavit of service. When it was offered in evidence, over defendant’s objection, the court stated that it would be admitted in evidence only to show that it was filed. (See CPLR 308, subd. 4 and CCA 402, subd. b). Plaintiff strongly contended that it was admissible as “ prima facie evidence ” of the truth of what it contains. While expressing doubt as to its admissibility for this purpose in light of the hearsay rule, the court stated that it would reserve decision on this point.
The specific question presented is whether an affidavit of serT vice of process is admissible in evidence as an exception to the hearsay rule, keeping in mind that a hearsay statement is no less hearsay because it is made under oath. (Bookman v. Stegman, 105 N. Y. 621; Erdman v. Ingraham, 28 A D 2d 5, 7; Weil v. Weil, 283 App. Div. 33, 36; Runde v. Meier, 95 N. Y. S. 2d 812; see, also, People ex rel. Vogler v. Walsh, 87 N. Y. 481, 485 stating “ Ex-parte affidavits are evidence in judicial proceedings only as *921 some law has declared them to be evidence, and they are not evidence of any facts stated in them unless some law makes them such.”)
An examination of the New York statutes discloses that there is no statutory exception to the hearsay rule making affidavits of service of process admissible in evidence, although there are such statutory exceptions regarding other specified affidavits and certificates. Thus, section 1423 of the Real Property Actions and Proceedings Law states that affidavits containing various ■statements relating to mortgage foreclosures — but not including service of process — are ‘ ‘ presumptive evidence of the matters of fact therein stated ”. CPLR article 45, entitled “ Evidence ”, refers to several kinds of certificates and affidavits which constitute “ prima facie evidence ” of their contents (see CPLR 4522 and CPLR 4524 et seq.). None of these provisions, however, state that an affidavit of service of process is prima facie evidence of its contents. Plaintiff relies on one of these provisions, CPLR 4531, which declares that an affidavit regarding the service, posting or affixing of a “ notice ” is “ prima facie evidence ” thereof “ if the affiant is dead, insane or cannot be compelled with due diligence to attend at the trial.”
However, the question before this court involves the commencement of an action and the obtaining of jurisdiction over the defendant by the service upon her of a summons; it does not merely involve the service of a notice. (See CPLR 304, 305.) A notice is not a summons. (See Metcalf v. Cowburn, 44 A D 2d 650.) The court further observes that even if CPLR 4531 were applicable, there was no compliance with it in this case since the only testimony offered regarding the affiant was that of plaintiff’s attorney who simply stated that he issued a subpoena directed to the affiant and the affiant was not present.
There being no statutory exception, the next field of inquiry is whether there is, or should be, a judicially created exception to the hearsay rule. Such exceptions have been created in instances where the proffered evidence has a high degree of probity or Where it has been necessary to admit the evidence or lose the benefit of such evidence, and it is deemed that one or the other of these reasons is sufficient to render the evidence admissible without subjecting it to the salutary test of cross-examination. (See Wigmore, Evidence [3d ed.], § 1420 et seq.) That is to say, in determining whether to create such an exception, inquiry should be made as to whether an affidavit of service of process falls within the principles of “ Necessity ” or “ Trustworthiness ”.
*922 As far as necessity is concerned, there is nothing to show that testimony concerning service of process is not readily available. There is nothing to show that people who serve process are individuals who cannot generally be located. Indeed, to' the extent that one is in the business of serving process, one should be at least as available as any other witness. Moreover, at the point at which process is served, the plaintiff obviously knows he is commencing an action and that the process server is a potential witness. It would, therefore, appear that process servers may well be more readily available than some individuals who were witnesses to events which took place before litigation was contemplated.
As far as trustworthiness is concerned, there is nothing to indicate that testimony of individuals serving process is entitled to a higher degree of credibility than that of people in general. Indeed, there are even some indications to the contrary. (See United States v. Wiseman, 445 F. 2d 792; Matter of A B C Process Serving Bur. v. City of New York, 63 Misc 2d 33, 34 [“ the systematic and widespread abuses so prevalent in the field of process serving ”]; Judo v. Peet, 68 Misc 2d 281, 282 [“ server service is not an isolated practice in New York City ”]; see, also, General Business Law, §§ 89-b, 89-c and CPLR 306, subds. [b], [c] all eff. Sept. 1, 1973 and Administrative Code of the City of New York, art. 43 eff. April 1, 1970.)
While the law is not rigid and there may be instances where exceptions to the hearsay rule should be judicially created (People v. Brown, 26 N Y 2d 88; Letendre v. Hartford Acc. & Ind. Co., 21 N Y 2d 518)'the situation presented in this case is not one of them.
The court notes Denning v. Lettenty (48 Misc 2d 185, 186) decided in 1965, which, although not cited by the plaintiff, did declare that an affidavit of service of a process server “ is all that was required of plaintiff in order to make a prima facie case on this issue of fact ’ ’. While the process server in that case was deceased, the court did not seem to rely on the principle of “ necessity ” or CPLR 4531, relied upon here by plaintiff, but cited CPLR 306. Yet, CPLR 306, as then worded and as carried forward (with additional matters) into the present CPLR 306, merely states what a proof of service shall specify and that if made by other than a public officer shall be “ in the form of an affidavit.” It does not provide for the admissibility into evidence of such an affidavit upon a trial or hearing. That affidavit is designed for use as a “ proof of service ’ ’ in connection with the entry of a default judgment pursuant to CPLR 3215 (subd. *923 [e]) and the filing of a summons where required (see CCA 409). To the extent that the cited case appears to declare as a general proposition that an affidavit of service of a process server is admissible in evidence, this court, in view of the analysis of the hearsay rule and the policy considerations set forth above, believes that it should not be followed.
Accordingly, the court finds that the affidavit of the process server is not admissible in evidence as proof of the truth of its contents. Since there is no other evidence before the court showing service of process upon defendant, the court finds that defendant was not served with process. Therefore, the judgment entered against defendant is vacated.