Leonard N. Cohen, J.
This traverse hearing is illustrative of the troubled waters encountered by those who choose to swim in the current of opinion which accepts an affidavit of service of a summons as an exception to the hearsay rule and admissible at trial as prima facie proof of the truth of its contents.
At issue here was whether the person concededly served was the president of the corporate defendant or clothed with actual or apparent authority by prior contractual relation *830 ships and other activities to act as an authorized agent to accept service on behalf of the corporate defendant within the meaning of CPLR 311 (subd 1).
The witness for the corporate defendant testified he was its former president at the time of delivery of the summons but denied any affiliation with the corporate defendant other than accepting occasional mail at its office, collecting freight charges once for its charter party and meeting persons in Florida regarding certain defendants’ insurance claims. Therefore, defendant denies compliance with CPLR 311 (subd 1) and contends service was ineffective.
The plaintiff nevertheless offered, over defendant’s objection, the affidavit of the process server from the court file as admissible prima facie proof of its contents regarding his personal knowledge that the person he served was the president of the corporate defendant.
Significantly, the affidavit fails to state the source of such knowledge at the time of service. The affidavit was marked for identification and decision was reserved on its admissibility for the limited purpose offered.
On a traverse hearing, challenging the validity of service, the burden of proof is placed on the plaintiff asserting compliance with statutory requirements. (Otto v Royal Palm Bar, 86 NYS2d 307; Pierce Butler Radiator Corp. v Osder, 281 App Div 516; Klishewich v Mediterranean Agencies, 42 FRD 624.)
In the light of all of the evidence, a final traverse determination is unaffected by a ruling on the admissibility of this affidavit for the purpose offered, as assuming the admissibility, its probative value is inconsequential because of its hearsay, quality. The plaintiff under all the circumstances here failed to sustain its burden establishing the validity of service under CPLR 311 (subd I).
However, the admissibility at trial of the contents of an affidavit of service, in and of itself, as an exception to the hearsay rule is fraught with conflict. Reliance by plaintiff is placed on common law, specifically Denning v Lettenty (48 Misc 2d 185) which held that an affidavit alone is admissible as prima facie proof of the fact issue of having made service. Also Otto v Royal Palm Bar (supra) held such an affidavit admissible as prima facie proof of service provided that personal attendance of the process server cannot with due diligence be obtained. It is also argued by plaintiff that under *831 CPLR 306 (subd [d]) an express statutory exception to the hearsay rule has developed by stating "[p]roof of service shall be in the form of an affidavit if made by any other person.” Dean McLaughlin Supplemental Commentary (McKinney’s Cons Laws of NY, Book 7B, CPLR, 306) expresses strong opposition to the preclusion of such an affidavit in a nonjury trial to establish proof of service and criticizes such a judicial preclusion as "overly harsh, if not wrong.” His commentary is not based on a statutory exception but on the common-law acceptance of the authenticity of the process server’s affidavit. However, his supporting authority is elusive. For example: Blake v Liman (245 App Div 723) expressly recognizes the insufficiency of affidavits alone and a necessity for a hearing on the issue of service. In Mann v Meryash (107 NYS 599) the sole remedy was by appeal upon affidavits but as pointed out by the court there, a traverse was a nonexistent practice at that time.
A recent decision Queensboro Leasing v Resnick (78 Misc 2d 919) cogently expresses the view that there is no statutory exception to the hearsay rule admitting such affidavits in evidence nor should common law confer any such exception on the basis of trustworthiness or necessity.
It is clear that the admissibility of such a hearsay affidavit has not been statutorily expressed by CPLR 306 or otherwise. (Richardson, Evidence [10th ed], § 351.) Dean McLaughlin rejects the common-law view of Queensboro Leasing v Resnick (supra) relying on the trustworthiness of a process server’s affidavit as being guaranteed by his exposure to a negligence action by his employer for a falsehood as held in Heredia v Contino (79 Misc 2d 222). But this view ignores the realities of sewer service for which, as pointed out in Queensboro Leasing v Resnick, (supra), is not an isolated practice in this city and has necessitated recent statutory protection against such abuses.
Although this conflict does not address itself directly to the admissibility of an affidavit alleging personal knowledge of the corporate office of the person served, there is no question that the salutary test of cross-examination as to credibility and reliability is totally lacking (5 Wigmore, Evidence [3d ed], § 1420 et seq.), regardless of whether the source of such knowledge is stated.
It is clear too that statutory rules may be necessary requiring the process server to state the source of his or her *832 personal knowledge relating to the corporate capacity of a person served pursuant to CPLR 311 (subd 1).
Based upon the foregoing, the affidavit of service is not admissible in evidence at trial as proof of the truth of the contents relating to knowledge of the corporate capacity of the person served. The plaintiff having failed to sustain its burden of the validity of service on an officer or authorized agent of the corporate defendant, the traverse is sustained and the action is dismissed without prejudice to proper service in accordance with the order of referral.